44  297
144s 238

## Malcom McNeill and Albert F. Dexter

### v.

## The Shober & Carqueville Lithographing Company.

*Negotiable Instruments—Notes—Signature to by Officers of Corporation—Personal Liability.*

1. The relinquishment of a claim against a third party is a sufficient consideration for a new promise by another.

2. In an action brought against the president and treasurer of a corporation individually, to recover upon a promissory note signed by them, with their official designations added, which note was given for a debt of the corporation, this court holds that it was for the jury, in arriving at their verdict, to determine whether it was the intention of the parties that the note should be treated as the obligation of the corporation, or of

the signers individually, and the jury, having been correctly instructed, this court will not disturb their finding for the plaintiff.

[Opinion filed April 29, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding.

Messrs. BALL, WOOD & OAKLEY, for appellants.

In King v. Davis, 21 N. J. L. 683, where the signature is identical with that of the case at bar, except that the president alone signs the note; and in Hale v. Pierce, 32 Md. 327, where the title of the signers followed their names; and in Richmond v. Snead, 19 Gratt. 354, where the name of the signer was neither preceded nor followed by a title; and in Lazarus v. Shearer, 2 Ala. N. S. 718, where the title of the officer signing followed his name; and in Owings v. Grubbs, 6 J. J. Marsh. 31, and in McLellan v. Reynolds, 49 Mo. 312, and in Hardy v. Pilcher, 57 Miss. 17, and in Hagan v. Rice, 4 Col. 90, and in Hoveny v. Magill, 6 Conn. 680, and in Mann v. Chandler, 9 Mass. 337, this rule has been fully sustained, as it ought, since the reverse would lead to injustice and oppression.

The intention of the parties being clear, the alleged contract being consistent with that intention, the law will give it effect as the parties understood it. Neill v. Spencer, 5 Ill. App. 473.

When a party adds any description to his name in signing a note tending to show on whose behalf it is made, he may by parol evidence prove that he was acting for another, and thus relieve himself. Western Union R. R. Co. v. Smith, 75 Ill. 496; Bowles v. Lambert, 54 Ill. 337; Stookey v. Hughes, 18 Ill. 55.

Where one signs his name as agent of a corporation, in the ordinary business of such corporation, and has authority to thus bind it, he is not personally liable, and the facts may be shown by extrinsic evidence. Scanlan v. Keith, 102 Ill. 634, 642.

Mr. ISRAEL COWEN, for appellee.

McNeill v. Shober & Carqueville Lithographing Co.

I might, if it were a mooted question, refer the court to numberless cases wherein it is held that such a note as the note in question is a personal note of the signers. I append herewith a few : Sturdivant v. Hill, 59 Maine, 172; Tucker Mfg. Co. v. David P. Fairbanks, 98 Mass. 101; Savage v. Rix, 9 N. Hamp. 263; Bank of B. N. A. v. Robert Hooper, 5 Gray, 567; Trustee of S. v. Rautenberg, 88 Ill. 219; Powers v. Briggs, 79 Ill. 493; Stobie v. Dills, 62 Ill. 433; Story on Bills, Sec. 76; Daniel on Neg. Instr., Secs. 301 and 305; Fiske v. Eldridge, 12 Gray, 474; Seaver v. Coburn, 10 Cush. 324.

The only other question in the case is : conceded, that the note was the personal note of the signers, whether it was necessary to prove that there was a sufficient consideration.

I presume that it will be admitted that the defendants have the burden of proof on them to show that the said note was made without consideration. Even upon all the evidence stated by the defendants, they have certainly not shown a preponderance of evidence on that point in their favor. But I am sanguine in believing the law to be established that the negotiable note as given imports a consideration, and is by no part of the evidence in anywise in this behalf attacked.

The court should bear in mind that there are numerous authorities to the effect that the question is not as to what parties intended to do by their act of signing, but what they actually did, and that extrinsic evidence is not permissible to change the effect of their acts, as witness the following authorities : Stackpole v. Arnold, 11 Mass. 27; Stobie v. Dills, 62 Ill. 433; Daniel on Neg. Instr., Sec. 305.

As between the payee and maker the extinguishment of the debt of a third party is a sufficient consideration. Brainard v. Capelle, 31 Mo. 428.

As Tiedeman says in his work on Commercial Paper, "When the debt of another is intended to be paid or extinguished by the issue of a commercial paper, the debt will constitute a sufficient consideration. When this oc-

curs it becomes a complete novation, the extinguishment of the existing debt being the consideration for a new promise." Citing Outhwite v. Porter, 13 Mich. 533; Leonard v. Duffin, 94 Pa. St. 218, and other cases therein cited.

SHEPARD, J.    The appellants were, respectively, president and treasurer of the corporation known as the World's Pastime Exposition Company.    The corporation had a business office at room 307 Opera House Building, Chicago, but conducted its entertainments elsewhere.    The business of appellee was that of lithographic printing, and it secured a contract with the Pastime Company to do for it a large amount of lithographic work.    The work was done for the Pastime corporation and was charged to it upon appellee's books of account, no part thereof being done for or charged to the appellants or either of them.    The bill for the work was made out to the Pastime Company and presented to the treasurer, and was by him initialed as correct.    According to the terms of the original contract, the account was to run until August first next ensuing.

After the treasurer of the Pastime Company had marked the bill rendered as correct, the agent of the appellee expressed to him a desire to close the account, by taking of the Pastime Company its promissory note for the amount of the bill, and he expressed his willingness that it should be so done.    Shortly afterward the vice-president of the appellee drew up a note for the amount of the account, and Shaffer, the agent of appellee, took it to the office of appellant McNeill, for execution.    It is not clearly apparent whether he first went there with the note or to the office of the Pastime Company, where the treasurer, the appellant Dexter, attended to the business of that corporation, but it does appear that the note was executed in McNeill's office on Washington street.    It was, without objection, made to appear by the testimony of Shaffer and Edwards that when Shaffer took the note that had been prepared by Mr. Edwards, the vice-president of the appellee, to obtain its execution, he was instructed by Mr.

Edwards to procure the personal guaranty of the note by Mr. McNeill if the note should be signed by the Pastime Company, by McNeill as president, but not to ask for McNeill's guaranty if the note should be signed in the manner it was in fact signed, because of the doubtful solvency of the company and the known responsibility of McNeill.

The note as prepared and signed reads as follows :

$1546.35.                              Chicago, July 6, 1886.

" On August 1st, without grace, after date, we promise to pay to the order of Shober & Carqueville Lithographing Company, one thousand five hundred forty-six and thirty-five one hundredths dollars, at our office, 307 Opera House Block, for value received.

Malcom McNeill,<br>
President World's Pastime Exposition Co.<br>
A. F. Dexter, Treas."

At the time the note was executed and delivered to appellee, the account against the Pastime Company was marked as receipted by appellee and left with appellants.  In addition to the circumstances already detailed, there was submitted to the jury evidence in the form of testimony by Shaffer, the salesman, and Edwards, the vice-president of appellee, and by both the appellants, sufficient to make it the duty of the jury, in arriving at their verdict, to determine whether it was the intention of the parties that the note should be treated as the obligation of the Pastime Company, or that of the appellants individually.  A careful examination of the record discloses that the defendants below were permitted the most liberal defense allowable upon the authority of any of the reported cases, where a like question has been involved.  They were allowed to show that the original credit was given to the Pastime Company, and to give in evidence everything they offered, tending to establish that it was the intention of both or either the makers and the payee of the note, that it should be that of the corporation and not of appellants individually, and yet the jury found against them under instructions by the court, so conspicuously and eminently favorable to the

defense, that counsel for appellants in argument find no fault with them. Under such circumstances, it is not within the province of this court to say the jury were wrong. The defense was an affirmative one, viz., that the note was intended as that of another, and the jury had the right, under the law, where the evidence was conflicting, to say the defense had not been made out. And neither does it become necessary for this court to attempt to harmonize the numerous conflicting decisions where similar questions were involved, for the purpose of deciding whether, in a given case, the law is, that what was done by the parties governs, or what was intended by them shall control, because the case was tried below in accordance with every theory that was most favorable to the appellants, and no exception has been preserved by them to any part of the evidence, or to any ruling of the court during the trial.

The jury having found that the note was the note of the appellants individually, and not that of the Pastime Company, it becomes unnecessary, in considering the question as to whether there was any consideration for the note, to say anything further than to state the well established rule of law that the relinquishment of a claim against the third party in this case, the Pastime Company, is a sufficient consideration for a new promise by another.

*Judgment affirmed.*