**UNITED FACTORS DIVISION OF UNITED MERCHANTS & MANU-FACTURERS, INC., Plaintiff,**

v.

**Redmond MURPHY and Richard J. Rieger, Defendants.**

No. 71 C 421.

United States District Court,
N. D. Illinois, E. D.

Oct. 29, 1971.

Michael L. Weissman, Aaron, Aaron, Schimberg & Hess, Chicago, Ill., for plaintiff.

Manuel Solotke, Greenstein & Solotke, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### MOTION FOR SUMMARY JUDGMENT

This is an action to recover funds owed by defendants to plaintiff. Murphy Carpet & Furniture, Inc., of which defendants Murphy and Rieger were sole shareholders, was indebted to plaintiff on May 22, 1970 in the amount of $23,825.65 and in consideration for the extension of further credit and the forbearance from collection of the amount owed, defendants entered into subordination agreements whereby they assigned

to United Factors all indebtedness owed to them as shareholders by Murphy Carpet. The amount then owing defendants from the Murphy Carpet Company was represented in the agreements as being $150,000 (Exhibit "B" and "C"). Plaintiffs claim that the terms of these subordination agreements were violated in that a portion of this indebtedness was cancelled without plaintiff's knowledge or approval; that defendants falsely stated that the amount owed them by Murphy Carpet was $150,000 when it was considerably less; and that defendants represented that no previous subordination of this debt had been extended when indeed defendants had a prior agreement to subordinate the amount owed them by the corporation to the claims of all other creditors.

Plaintiff contends that there are no relevant factual issues in dispute and it has presented a sufficient amount of uncontroverted evidence by way of affidavit, admissions and exhibits to eliminate any factual doubt as to defendants' liability. We agree and, therefore, grant summary judgment.

The executed documents clearly indicate that defendants represented that $150,000 was owed them by Murphy Carpet.

 The Murphy Carpet Financial Statement (Exhibit "H") dated July 2, 1969 lists the debt as $150,000 as does the balance sheet dated February 2, 1970 (Plaintiff's request for admissions Exhibit "A"). A subsequent balance sheet dated November 30, 1970 shows the balance owed defendants as being $100,000. Thus, sometime between February 2, 1970 and November 30, 1970 the debt was reduced by $50,000. If it was reduced prior to May 22, 1970, the date of the subordination agreements then defendants misrepresented the amount owed to them by Murphy Carpet; if it occurred after May 22, 1970 then it was in effect a cancellation of a portion of the debt in violation of the terms of the agreement. Plaintiff in Count II claims that the reduction of the amount owed was a result of the cancellation of a

$50,000 note owed by defendant Rieger to the corporation which was subsequently written off against the amount owed by the corporation to defendants. (See Exhibits "E" and "F".) This plaintiff correctly argues would constitute a cancellation of a portion of the debt since the defendants are sole shareholders of the corporation and the write-off cancellation could not have been done without their approval. Thus, if we were to view the reduction of amount owed by Murphy Carpets as occurring subsequent to May 22, then it must be a cancellation of debt in violation of the agreement's terms. If, on the other hand, we view the reduction as occurring prior to the signing of the subordination agreement as Count III claims, then defendants falsely represented the amount owed them by Murphy Carpet. In fact, defendants themselves assert (Para. 4 Memorandum in Opposition to Plaintiff's Motion.) that had plaintiff examined the records of Murphy Carpet it would have ascertained that the debt was only $100,000. Thus, by their own admission defendants concede that they falsely represented the amount owed when they signed the subordination agreements. This misrepresentation induced plaintiff to forbear collection and extend credit. Defendants' sole rebuttal of these claims is that plaintiff should have examined the minute books, financial statements and records of Murphy Carpet to determine the exact amount owing, and, further, that defendants were of the "opinion" that it indeed was $150,000 that was due them. Both of these arguments are irrelevant. Plaintiff was under no duty to examine any records and it was perfectly within its discretion to rely on the sworn and signed subordination agreement that attested to a $150,000 debt. The fact that defendants were of the "opinion" that it was $150,000 does not make the signed agreement any less false or plaintiff's reliance thereon any less justified. The fact that they may prove at trial that they were of this "opinion" will have established nothing

to change their liability given the fact that they were the sole shareholders of Murphy Carpet and, therefore, they and not plaintiff should have been apprised of what amount was owing.

It is also obvious that while the amount owed defendants by Murphy Carpet, whatever that amount might be, was subordinated to all other creditors by the terms of a corporate resolution dated July 2, 1969 (Exhibit "H") defendants nevertheless warranted that no other subordination existed and breached an express term of the agreement. Undoubtedly a subordination agreement is worthless to one extending further credit to a corporation that is financially unstable when the amount assigned to it is subordinate to the claims of all other creditors. What remains is an agreement which misrepresents the amount owed or assigned and falsely states that no other subordination exists.

Thus, if Count II is incorrect, then plaintiff must win under Count III and vice versa since these are the only two factual possibilities available and under both counts plaintiff has stated grounds for liability; either misrepresentation or breach.

The only legal issue to be decided is whether sufficient consideration was given by United Factors to defendants for the subordination agreements. The law is quite evident that forbearance from suing on a valid claim is consideration and United Factors has adequately proven that it extended further credit and forbore from suing based on its reliance on defendants representations in the subordination agreements. See McNeill v. Shober & Carqueville Lithographing Co., 44 Ill.App. 297 (1892); Allanson v. Frieder, 305 Ill. App. 232, 27 N.E.2d 307 (1940); Meyer v. Pfahler, 362 Ill. 336, 199 N.E. 801 (1935). In addition an extension of time given by a creditor to his debtor is sufficient consideration for a third person's promise Moore v. Lee Tire and Rubber Co. of New York, 273 F. 465

(8th Cir. 1921) (Cooke v. Louisville Trust Co., 380 S.W.2d 255 (Ky.1964). See generally Corbin on Contracts § 1398.

We hold that plaintiff has proven by affidavit, admissions and exhibits that defendants violated the terms of the agreement; that defendants have failed to controvert these claims and therefore there being no question of fact summary judgment is ordered in the amount of $14,761.52.