CASE 55—ORDINARY—JUNE 1, 1882.

# Newton v. Carson.

APPEAL FROM WARREN COMMON PLEAS COURT.

Appellee was surety for W. R. Covington on a note to appellant, and agreed with appellant that if he would not sue on the note appellee would, during the term of court then in session, confess judgment to save him expense and costs. Appellant delayed his suit for more than twenty days upon the agreement, and finally appellee refused to confess judgment.

1. *Held*—that the time that appellant was delayed by the fraud of appellee is to be excluded from the time pleaded by him as surety under the statute for his release.

2. The agreement falls within the rule that where a benefit results to the promisor, or where any loss or inconvenience is sustained by the promisee at the instance of the promisor, the latter is bound to perform the agreement, whether the consideration is or is not sufficient, provided the contract be otherwise legal.

3. The court should have permitted appellant to file his amended reply.

JOHN M. PORTER AND E. W. HINES FOR APPELLANT.

1. The court erred in refusing to permit appellant to file his amended reply.

2. The statements made by appellee to appellant, and especially his promise to confess judgment upon the note in controversy during the term of court then in session, were fraudulent, and given with the view of putting appellant off his guard, so that the statute should operate to release appellee as surety. The case of Kennedy v. Foster, 14 Bush, 479, is not in point. The period during which appellant was delayed by the fraud of appellee should be deducted from the time pleaded. (5 Bush, 579; Newman on Pl. & Pr., 715; Kennedy v. Foster, 14 Bush, 479; Bigelow on Fraud, 444; Dent v. McGrath, 3 Bush, 176; Warren v. Barker, 2 Duv., 156; Gill v. Carter, 6 J. J. M., 485; 13 Mich., 124.)

HALSELL & MITCHELL FOR APPELLEE.

1. It is clear that appellant, by his own negligence, failed to cause the summons to issue until five days after the full period of seven years had elapsed.

2. The demurrer being general, was properly overruled.

3. The amended reply was properly rejected. (Gen. Stat., chap. 77, art. 6, sec. 4; Walker v. Sayeres, 5 Bush, 579; Kennedy v. Foster, 14 Bush, 479; Trabue v. Sayre, *Ib.*, 129; Williams v. Rogers, 14 *Ib.*, 776.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant filed his petition the 26th of October, 1876, on a note which W. R. Covington, as principal, and the appellee, Carson, and another, as surety, executed to him on the 3d day of June, 1869, and due six months after date, for the sum of $1,500. The evidence tends to prove that about the time the petition was *filed*, the appellee, Carson, went to his principal and told him that they had better

Newton v. Carson.

confess judgment on the note, and also agreed with the appellant, if he would not sue on the note, and save him any further cost, he would, during the term of the common pleas court, which was in session when the petition was filed, confess judgment therefor. The appellant communicated this agreement to his attorneys, and one of them informed appellee Carson of the fact, who said it was all right.

Consequently, and in pursuance of the agreement, no process was issued on the petition, but the appellee, protracting, through feigned excuses, the disclosure of his intention not to confess judgment until the last day of the term, when, for the first time, he made known his purpose to disregard the agreement which he initiated, and apparently with good faith had entered into with the appellant, whose assent thereto was thus obtained by the appellee.

Process was thereafter issued on the 11th day of December, 1876, seven days after the expiration of seven years from the time the note became due.

The appellee pleaded that he was only surety, and relied upon the statute of limitation of seven years in bar of the action.

The parties, by inartificial pleading, joined issue upon the facts above stated, which were relied on by the appellant in avoidance of the plea of limitation.

The court peremptorily instructed the jury, after the evidence was in, to find for the appellee; and from the judgment rendered on the verdict, which the jury found in obedience to that instruction, the appellant prosecutes this appeal.

In the case of Kennedy v. Foster's ex'r, 14th Bush, 481, the surety verbally asked for time, and promised to pay

the debt, which was held not sufficient to avoid the plea of the statute of limitation, because the request and promise only amounted to the procurement by the surety of delay, which was not assented to by him *in writing;* thus construing the provision in section 5, article 6, chapter 71, General Statutes, which excludes from the period of limitation "any delay assented to by the surety in writing," as in effect an addition to the statute of frauds and perjuries.

But the facts of that case presented a totally different question from the one involved in this.

Here no delay was asked for or assented to; the agreement only dispensed with the necessity of issuing a summons on the petition which had been filed, and therefore furnished a legal basis for an agreed judgment. The terms of the agreement import a desire upon the part of the appellee to facilitate the recovery of the judgment by removing all obstacles to its rendition rather than a purpose to obtain delay. And to countenance such chicanery as the making and violating of such an agreement as this, would invite into the sacred precincts of a court of justice the arts of the deceitful, and furnish forth a well appointed place and secure mode of perpetrating frauds.

Besides these reasons, this agreement falls within the main rule applicable to the validity and sufficiency of the consideration necessary to every simple contract, which rule is, that where a benefit results to the promisor, or to another at his request, or where any loss or inconvenience is sustained by the promisee at the instance of the promisor, the latter is bound to perform the agreement whether the consideration is sufficient or not, if the contract be otherwise free from illegality.

And here the appellant forbore to issue process at the instance of the appellee, who was thereby saved the cost of the process and its service, and we think the consideration legally sufficient to support the agreement.

And if upon a new trial it appears from the evidence that such an agreement as is alleged by the appellant, whose amended petition ought to have been permitted to be filed, was made with him or his agent by the appellee, the period of the delay resulting therefrom should be excluded from the time pleaded in bar of the action by the surety.

Wherefore, the judgment is reversed, and cause remanded with directions to grant appellant a new trial on principles consistent with this opinion.