## Robinson, et al. v. Tester.

(Decided June 19, 1917.)

### Appeal from Breathitt Circuit Court. ·

1. Action—Commencement of Action—Summons.—Under Kentucky Statutes, section 2524, and Civil Code, section 39, an action is deemed to have been commenced at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action.

2. Limitation of Actions—Personal Injury—Summons—Record.—In a servant's action for personal injuries, record examined, and held to show that process was issued in good faith against the defendants within twelve months from the time of the accident.

3. Limitation of Actions—Pleading—Allegations Contradictory of Record — Sufficiency — Judgment *Non Obstante Veredicto.*—In a servant's action for personal injuries, a plea of limitation, based on allegations contradicted by the record, is insufficient, and plaintiff's failure to deny such facts will not authorize a judgment *non obstante veredicto* in favor of the defendants.

4. Pleading — Contributory Negligence — Judgment *Non Obstante Veredicto.*—In a servant's action for personal injuries, the failure of the plaintiff to deny a plea of contributory negligence in the original answer will not authorize a judgment *non obstante veredicto* in favor of the defendants, where the plaintiff denied the same plea of contributory negligence contained in a subsequent answer to an amended petition setting up a new ground of negligence.

5.  **Master and Servant—Proof of Relation—Evidence—Sufficiency.—**
In a servant's action for personal injuries, ·evidence of plain-
tiff's employment by the defendants as partners in the owner-
ship and operation of a saw mill examined, and held insufficient
to take the case to the jury.

BEVERLEY R. JOUETT and GEO. W. FLEENOR for appel-
lants.

CHESTER GOURLEY, E. C. HYDEN and HAZELRIGG &
HAZELRIGG for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

Plaintiff, James S. Tester, brought this suit against
F. W. Mowbray and E. O. Robinson, as partners, and
Mowbray & Robinson, a corporation, to recover damages
for personal injuries.  The trial before a jury resulted
in a verdict and judgment in favor of plaintiff for
$750.00 against F. W. Mowbray and E. O. Robinson,
who prosecute this appeal.

Plaintiff was injured while working in a saw mill,
and the grounds of negligence relied on were: (1) un-
safe place; (2) unsafe machinery; and, (3) failure to
warn plaintiff of the dangers incident to his employ-
ment.

It was alleged in the petition that the defendants,
F. W. Mowbray and E. O. Robinson, were partners at
the time of the injury, and that the saw mill belonged
to them.  It was further alleged that after the injury a
corporation was formed under the name of Mowbray &
Robinson, which became liable for all the debts and li-
abilities of the partnership.

The petition was filed on September 25, 1913, and
summons and three copies issued against E. O. Robin-
son and F. W. Mowbray, and Mowbray & Robinson.
Process was served on Mowbray & Robinson on Sep-
tember 26, 1913, by delivering a copy of the summons
to Ross Sloniker, as designated agent.  No process was
served at the time of F. W. Mowbray and E. O. Robin-
son as individuals.  However, on February 11, 1914,
process against F. W. Bowbray and E. O. Robinson was
served on E. O. Robinson.

On February 21, 1914, Mowbray & Robinson, the
alleged corporate defendant, filed a motion to quash and
a plea in abatement, based on the fact that there was no

such corporation as "Mowbray & Robinson," but that the name of the corporation was "The Mowbray & Robinson Company, Incorporated." On June 4, 1914, the action was dismissed as to the corporation on plaintiff's motion.

On July 16, 1914, the defendants, F. W. Mowbray and E. O. Robinson, interposed a demurrer to the petition, and, without waiving the demurrer, filed an answer in four paragraphs. In the first paragraph they pleaded that the action was barred by the one year statute of limitation, because no process was issued against them, or either of them, within twelve months after the date of the accident. In the second paragraph they denied that they were partners at the time of plaintiff's injuries, or that they were engaged as partners in the operation of the mill in which plaintiff was injured, or that plaintiff at that time was in their employ. They also denied negligence. In the third paragraph they denied the allegations of the petition with respect to plaintiff's injuries. In the fourth paragraph they pleaded contributory negligence. No reply was ever filed traversing the plea of limitation or of contributory negligence contained in the answer.

About six months later plaintiff filed an amended petition, alleging a failure on the part of the defendants to furnish a sufficient number of men to do the work in which plaintiff was engaged. To this amended petition plaintiffs filed an answer, the first paragraph of which was a traverse, and the second a plea of contributory negligence. On January 26, 1915, plaintiff filed a reply to defendants' answer to the amended petition, in which he traversed the plea of contributory negligence set out in such answer.

Defendants insist that their motion for a judgment *non obstante veredicto* should have been sustained, because of plaintiff's failure to deny the plea of limitation and the plea of contributory negligence contained in the original answer.

Under our statute and code, an action is deemed to have been commenced at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action. Kentucky Statutes, section 2524; Civil Code, section 39; Hyatt v. Bank of Kentucky, 8 Bush 193; Butts v. Turner, 5 Bush 435; Kellar v. Stanley, 86 Ky. 240, 5 S. W. 477; Thomp-

son v. Bell, 6 T. B. Mon. 559; Pindell, Assignee v. Mayd-well, 46 Ky. 314. The record in this case shows that the injury occurred in December, 1912; that suit was filed on September 25, 1913, and on the same day summons and three copies were issued not only against "Mow-bray & Robinson," the alleged corporation, but also against F. W. Mowbray and E. O. Robinson individ-ually. It is apparent, therefore, that process was issued in good faith against the defendants, F. W. Mowbray and E. O. Robinson, within one year from the time of plaintiff's injuries. It follows that the allegation of the original answer to the effect that process was not issued against the defendants, F. W. Mowbray and E. O. Rob-inson, within twelve months after the date of the acci-dent, contradicted the record itself, and was, therefore, insufficient. We, therefore, conclude that the defendants were not entitled to a judgment *non obstante veredicto* because of plaintiff's failure to deny the plea of limita-tion, based on facts which the record itself showed to be untrue.

Nor is there any merit in the contention that defend-ants were entitled to a judgment *non obstante verdicto* because of plaintiff's failure to deny the plea of con-tributory negligence contained in their original answer. That plea was the same as the plea of contributory negli-gence contained in the answer to the amended petition. These pleas did not relate to separate transactions, but referred to plaintiff's conduct on the particular occasion of his injury. To make an issue, one denial was all that was necessary. This denial having been made in plain-tiff's reply to the answer to the amended petition, the issue was properly presented, and plaintiff lost no right by his failure to deny the same allegation contained in the original answer.

When we come to plaintiff's proof of his employment by defendants, F. W. Mowbray and E. O. Robinson, a more serious question is presented. On this point plain-tiff's testimony is as follows:

"7. Are you acquainted with Mr. E. O. Robinson, who sits over there? A. I have seen him; yes, sir. 8. Are you acquainted with Mr. Mowbray? A. Yes, sir. 9. Do you know of their operating a mill anywhere in this county in the year 1912? A. Yes, sir. 10. Did you work for them in that year? A. Yes, sir. Counsel for defendant: We object. Court: Overruled. Defendant

saves exceptions. 11. At what place? A. At the band
mill at the mouth of Quicksand. 12. Is that the large
mill that sits on the river bank up here, the lower mill
at Quicksand? A. Yes, sir. 13. Now, about what time
in the year did you commence work there, Mr. Tester?
A. In November, 1912. 14. How long did you work
there? A. Well, I worked there up until, from Novem-
ber up until December, something like five or six weeks
of actual work.''

E. O. Robinson testified that at the time of plain-
tiff's injury he and Mowbray were not partners either
in the ownership or the operation of the mill, and that
plaintiff was not in their employ. On the contrary, the
mill at that time belonged to the Mowbray & Robinson
Company, a corporation. Mr. Sloniker testified to the
same effect.

Plaintiff was then called in rebuttal, and testified as
follows:

"1. Mr. Tester, you say at the time you was em-
ployed up there that you knew Mr. Robinson over there?
A. Yes. Counsel for defendant: We object. Court: Ob-
jection overruled. Defendant excepts. 2. And you knew
Mr. Mowbray? Counsel for defendant: We object.
Court: Overruled. Defendant excepts. A. Yes. 3.
And on the day you was working there, who was you
working for? Counsel for defendant: That has all been
gone over. Court: Overruled. Defendant excepts. A.
Worked for Mowbray & Robinson. 4. What sort of a
sign, if any, did they have printed up there on their
mill at that time? A. Had Mowbray & Robinson. Coun-
sel for defendant: We object. Court: Overruled. De-
fendant excepts.''

On cross-examination he testified as follows:

"7. You say they had a sign, 'Mowbray & Robin-
son;' where did they have that sign? A. I am not sure
about that sign; I don't remember, but it seems to me
that the sign was on the upper end of the mill shed. 8.
Now, did you see one up there and one at the office?
A. I don't remember about that. 9. You saw a sign,
didn't you? A. Well, I am not positive about the sign.
10. Then you tell the jury you didn't see a sign? A.
Well, to the best of my recollection there is a sign around
there. 11. Now, you saw this sign, didn't you? A. I
wouldn't be positive about it. 12. Just tell the jury
whether or not you saw the sign? A. I can't remember.

13. Now to refresh your recollection, isn't this the sign you saw, 'The Mowbray & Robinson Company, Inc.?' A. I don't remember; I wouldn't be positive about the sign; I remember it was Mowbray & Robinson is all I remember about it. 14. Now, why did you tell the jury that you were in the employ of Mr. Mowbray and Mr. Robinson? A. Why, I understood the name to be Mowbray & Robinson is all I knew about it. 15. Well, you don't know, you don't know of your own personal knowledge? A. Well, I know Mr. Mowbray and Robinson came up there. 16. And you knew Mr. Sloniker, didn't you? A. Yes. 17. And Mr. Rice? A. Yes, sir. 18. Now, can you tell this jury whether you were employed on that occasion, the time you were hurt, by Mr. E. O. Robinson and F. W. Mowbray? A. Well, I was employed by Mr. Rice, the foreman. 19. And you went to work there? A. Yes, sir."

Mr. Sloniker then testified in rebuttal that there was never any sign on the mill of "Mowbray & Robinson." The only sign there was "The Mowbray & Robinson Company, Incorporated, Hardwood Lumber."

Since the allegation of the petition that plaintiff was employed by F. W. Mowbray and E. O. Robinson, and that they were partners in the ownership and operation of the mill, was denied by answer, proof of these facts was essential to a recovery. While plaintiff first testified that he was working for E. O. Robinson and F. W. Mowbray, yet, when pressed to tell the jury why he stated that he was in their employ, he answered: "Why, I understand the name to be Mowbray & Robinson is all I knew about it." Again he said: "Well, I know Mr. Mowbray and Robinson come up there." In the same connection, in answer to the question, "Now, can you tell this jury whether you were employed on that occasion, the time you were hurt, by Mr. E. O. Robinson and F. W. Mowbray?" he said: "Well, I was employed by Mr. Rice, the foreman." While it is true that he first testified that he saw a sign of "Mowbray & Robinson," in his cross-examination he shows that he was not at all certain as to the existence of the sign or what it contained. Indeed, he could not say that the sign did not contain the words "The Mowbray & Robinson Company, Incorporated." All that he remembered was that it had "Mowbray & Robinson" on it. Thus it will be seen that plaintiff testified to no facts tending to show that he was employed by F. W. Mowbray and E. O. Robinson, or that they were

partners in the ownership and operation of the mill at the time he was injured. He merely says that he was employed by Mr. Rice, the foreman, and his statement that he was employed by the defendants was based entirely on the fact that the defendants sometimes came to the mill. It is clear, therefore, that his evidence tended in no way to rebut or overcome the positive statements of E. O. Robinson and Ross Sloniker to the contrary. We, therefore, conclude that plaintiff's evidence of his employment by the defendants as partners was insufficient to take the case to the jury, and the defendants' motion for a peremptory instruction should have been sustained.

This conclusion makes it unnecessary to consider the other grounds urged for a reversal.

Judgment reversed and cause remanded. for a new trial consistent with this opinion.