## Holland v. Goode.

### (Decided June 15, 1920.)

### Appeal from Trigg Circuit Court.

Parent and Child—Operation of Automobile by Child—Parent's Liability.—Ordinarily the parent who is the owner of an automobile is responsible for the damage done by his car while operated by his infant child, under his direction, but where the father is not the owner of the car and does not have control or direction over it but is riding in the car at the invitation of his minor son in whose control the car is, the father is not liable.

SMITH & KING for appellant.

MAX HANBERRY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee Goode and wife were riding in a buggy drawn by a single horse on the pike leading from Cadiz to Hopkinsville, when they observed an automobile approaching at a rapid speed from the opposite direction. Goode reined his horse to the right of the road and stopped so as to give the car plenty of room to pass. Just as the car passed it struck Goode's vehicle, overturning it and precipitating both Goode and his wife to the ground. The car never stopped. Goode sustained severe injuries to his person for which he instituted this action against Holland to recover damages. A trial resulted in a verdict of $200.00 for Goode, and Holland has entered a motion in this court for appeal.

His chief complaint is that the trial court erred grieviously against him in overruling his motion made both at the conclusion of the evidence of plaintiff in chief, and at the close of all the evidence for a directed

verdict in his favor, on the grounds, (1) that no negligence was shown to have been chargeable to Holland; (2) the car which struck Goode's buggy was not the property of Holland nor in his possession or under his direction or control, even though his nineteen year old son was driving it and Holland himself was riding in the car.

From the evidence we learn that the car belonged to one Grasty, who is the son-in-law of Holland. Grasty was in the army and had left the car in the custody of the son of appellant and the son was using it frequently, but not with the consent or direction of Holland. On the occasion in question a neighbor named Wall engaged young Holland to drive him to Hopkinsville to do some shopping, and appellant Holland was the guest of his son and Wall on the trip. There is no evidence whatever that Holland owned or controlled the car at the time of the injury. The facts do not bring this case within the recently announced automobile "family doctrine," which makes the parent liable for injury done by a car on a highway when driven by the infant child of the owner on the theory that the car is being used by the child with the direction of the parent or with his consent, and for the purpose for which the car was intended when purchased, and therefore the child is the agent of the parent in the operation of the car. 2 R. C. L. 1199; 20 R. C. L. 529; Birch v. Ambercrombie, 50 L. R. A. (N. S.) 59, 147 Ky. 386.

If Grasty had left the car in charge of Holland instead of the son, and Holland had directed his son to use the car on the occasion of the injury to Goode, if he were injured, the father would have been liable even though the car was driven by the son. The son, according to the evidence, had the custody and control of the car independent of Holland, and if he were guilty of negligence resulting in injury to Goode, the father was not liable even though the son could be made to respond in damages.

The uncontradicted evidence on the subject of ownership and control of the car made it the duty of the trial court to have sustained the motion of appellant Holland for a directed verdict in his favor. In overruling this motion the court committed reversible error.

Appeal granted, and judgment reversed for new trial not inconsistent with this opinion.