## Robb v. Sherrill-Russell Lumber Company.

(Decided May 23, 1922.)

### Appeal from McCracken Circuit Court.

1. Contracts—Presumptions as to Agreement—Parol Evidence.—It is a well recognized rule of law that all negotiations or agreements

made between the parties to a contract before the contract is reduced to writing, will be presumed to have been merged in and expressed by the writing when executed, which, in the absence of fraud or mistake, will be regarded as containing the entire contract as intended and actually made by the parties. Hence, where, as in this case, neither fraud nor mistake in the preparation or execution of the writing is alleged, parol evidence offered to vary or contradict its terms or meaning was properly excluded by the trial court.

2. Contracts—Exceptions as to Presumption—Escrows.—An exception to the above rule arises where the contract, though reduced to writing and signed by the parties, is by contemporaneous or previous oral agreement between them to be held in escrow for future delivery, or to take effect upon the prepayment of the consideration, or the happening of some event or contingency provided for in the contract. But this case, for the reasons stated in the opinion, does not fall within the exception referred to.

3. Compromise and Settlement—Consideration.—The law favors the avoidance or settlement of litigation, and compromises in good faith for such purposes will be sustained as based upon a sufficient consideration. It is not necessary to the validity of the compromise that it should have determined the controversy between the parties in accordance with its merits; the real consideration each party receives under the compromise, and which gives it validity, is the settlement of the dispute.

BRADSHAW & McDONALD for appellant.

MOCQUOT BERRY & REED for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by the appellee, Sherrill-Russell Lumber Company, a corporation dealing in lumber and engaged in the construction of buildings, with its chief office in the city of Paducah, to recover of the appellant, W. O. Robb, the principal and interest of a $1,-250.00 note, executed, as alleged in the petition, by him to it October 1, 1919, and whereby he agreed, as therein stipulated, to pay it sixty days after that date, the above amount; but which sum, as further alleged in the petition, notwithstanding the maturity of the note, the appellee had wholly failed to pay.

In resistance of the recovery sought upon the note the appellee's answer set up, substantially, the defense that the execution of the note grew out of a written contract previously made by the appellant with one Gore, an architect in appellee's employ, whereby Gore undertook to make and prepare certain plans and specifications

for the construction of an apartment house appellant contemplated erecting in the city of Paducah at a cost not to exceed $40,000.00, or at most $45,000.00, for which plans and specifications the appellant agreed to pay him a commission of 3½ per cent on the cost of the building, but with the verbal understanding, as alleged, between them, that if the cost of the building could not under the plans and specifications of Gore be confined or limited to the $40,000.00 or $45,000.00, appellant would not construct the building or pay Gore anything for his services in preparing the plans and specifications.

It was alleged in the answer that upon the completion of the plans and specifications by Gore it was ascertained by appellant that the cost of the building in accordance therewith would not be less than $58,000.00, whereupon the appellant abandoned the construction of the building, notwithstanding which Gore demanded of him $2,500.00 for preparing the plans and specifications as the commission due him under the contract between them; and that in settlement and compromise of this claim appellant agreed to pay Gore $1,250.00, one-half the amount demanded by the latter, and for this amount executed to the appellee as assignee of Gore the note sued on.

It was further alleged in the answer that under the terms of the appellant's contract with Gore for the plans and specifications made by the latter and by reason of his failure thereby to limit the cost of the building intended to be thereunder constructed to $45,000.00, appellant was not indebted to him in any amount for the making of the plans and specifications for the construction of the contemplated building; and that by reason thereof the note sued on was and is without consideration and void.

The affirmative allegations of the answer were controverted by reply, and those of the reply by rejoinder, thereby completing the issues. The trial resulted in a verdict in behalf of the appellee for the amount of the note in question and interest, which was returned in obedience to a peremptory instruction given by the trial court at the conclusion of the appellant's evidence. The appellant excepted to the giving of the peremptory instruction and having been refused a new trial, he was granted and is prosecuting this appeal from the judgment entered upon the verdict.

The note in suit was filed with and made a part of the petition, and the writing evidencing the contract be-

tween the appellant and Gore regarding the preparation by the latter of the plans, drawings and specifications for the construction of the building contemplated by the former, was introduced on the trial and is contained in the bill of evidence appearing in the record. It bears date June 7, 1919, and was executed four months prior to the execution of the note.

The writing in question sets forth an unconditional undertaking on the part of Gore to "furnish preliminary sketches, contract working drawings, specifications and detail drawings, for an apartment building to be erected" by appellant, for which he was to pay Gore "the sum of 3½ per cent of cost of building. . . . Payments to be as follows: One-fifth when preliminary sketches are completed, three-fifths when drawings and specifications are ready for letting contracts, balance upon completion of building. *If work upon building is postponed or abandoned, the compensation for the work done by the architect, after plans are drawn and accepted, shall be due at once.* . . ."

It will be found from a reading of the contract that it contains none of the terms or conditions relied on in the answer as releasing the appellant of liability for the compensation therein agreed to be paid the architect for the work required of him. It says not a word about the cost of the building, and instead of relieving appellant of the duty of compensating the architect for his services if the drawings and specifications made by him would run the cost of the building to an amount exceeding $40,-000.00 or $45,000.00, it provides, without regard to its cost, that postponement of work on the building, or its abandonment, after the plans are drawn by the architect and accepted by appellant, shall make the compensation of the former due at once.

The conditions affecting the contract alleged in the answer and relied on by appellant as effecting his release from any liability by reason thereof, and upon the note as well, are wholly at variance with and contradictory of the terms and meaning of both, yet the answer fails to allege either fraud or mistake in the execution of the note or previous written contract. Indeed, it is the contention of the appellant that the contract evidenced by the writing of June 7, 1919, and out of which arose the execution of the note, was rendered inoperative by a prior oral agreement between the parties. This contention ignores

the well known rule of law that all oral negotiations or agreements made between the parties before the contract is reduced to writing, are presumed to have been merged in the writing when executed, which, in the absence of fraud or mistake, will be regarded as containing the entire contract intended and actually made. An exception to this rule arises where the contract, though in writing and signed by the parties, is by contemporaneous or previous oral agreement to be held in escrow for future delivery, or to take effect upon the prepayment of the consideration or the happening of some event or contingency provided for in the contract. One or more of the cases cited in the brief of appellant's counsel fall within the exception referred to, but the case at bar does not do so. Here the written contract not only omits any mention of the alleged contingency upon the happening of which appellant claims Gore orally agreed to demand no compensation for making the plans, specifications, etc., but it negatives any such contingency and the alleged oral agreement regarding same, by expressly stating the compensation to be received by Gore for his work, the times and manner of payment, and by stipulating that not even postponement of work on the contemplated building or the abandonment of its construction by appellant, should deprive him of his compensation.

In the state of case presented by the record before us we think the trial court properly held that the writing of June 7, 1919, truly evidenced the contract between the appellant and Gore, hence its exclusion of the evidence offered by appellant regarding the alleged previous oral agreement, intended to contradict its terms, was not error.

If, however, we entertained any doubt as to the correctness of the above expressed conclusion, we nevertheless would be compelled to give our approval to the action of the trial court in directing a verdict for the appellee, as upon the basis of the compromise of its claim for Gore's work made with the appellant, it was entitled to judgment for the amount of the note executed by the latter. The claim was one assigned it by Gore, which it was demanding should be paid by the appellant, but which the latter was disputing and insisting he should not be required to pay. It was, at least, not inequitable that Gore, or appellee as his assignee, should have received some compensation for the work he performed for the appellant; and, conceding that the parties were equally honest

in maintaining their respective contentions about it, and that the controversy was one about which even lawyers or judges might have differed, it cannot be said that the compromise and settlement, resulting in the execution of the note, was without consideration. Moreover, it was not claimed by the appellant that any advantage was taken of him in the compromise, or that the transaction was not fully understood and voluntarily entered into by him. It is our conclusion, therefore, that the note was supported by a legal and sufficient consideration.

Judgment affirmed.