## Harris, Speakes and Harris v. Kreigle and Wife.

(Decided December 15, 1922.)

### Appeal from Bourbon Circuit Court.

1. Brokers—Commission.—A good faith controversy between the vendor of land and the brokers who have sold it as to the amount of commission due the brokers, and the vendor when called upon for settlement of the commission insists that he owes only two per cent upon the amount of sale, or $440.00; while the brokers claim $2,000.00, and after talking the matter over the vendor pays the brokers $2,000.00, the full amount of their claim, he cannot maintain an action for a recovery of the difference between $440.00, which he claims was due the brokers, and the sum which he paid them.

2. Compromise and Settlement—Conclusiveness.—Where two or more persons in good faith dispute about the amount of a claim, but after talking the matter over effect a settlement and payment is made by one to the other, both parties will be concluded thereby.

3. Contracts—Duress.—While a party to a contract may have relief from it upon showing duress, he cannot have such relief where he merely shows that he was indebted to the parties in a given sum, while his adversary contended he was indebted to him in a larger sum and to avoid litigation over the subject paid the full sum claimed by his adversary. Duress which will relieve one from an obligation arises from a threat of personal injury putting one in fear, and not from a threat of litigation.

VIRGIL CHAPMAN and TALBOTT & WHITLEY for appellants.

HINTON, BRADLEY & BRADLEY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This is a dispute between the owner and his brokers over the amount of commission due and to be paid by the owner to the brokers for the sale of a farm in Bourbon county of 24 acres for $22,000.00. The brokers insist that they had a verbal contract with the owner Kreigle, whereby they were to have two per cent upon the

sale price if they succeeded in selling the farm for as much as $20,000.00; but if they sold it for more than $20,-000.00 they were not to have two per cent but were to have as commission all excess, if any, over $20,000.00 for which the farm sold. Kreigle, the owner, agrees that he made a contract with the brokers, but says the brokers were to have two per cent only for making the sale and in no event were they to have the excess over $20,000.00 which the farm should bring and insists that he never agreed to take as little as $20,000.00 for the farm. He admits, however, that he owes the brokers $440.00 for making the sale of his farm. He so admitted this the first time appellants asked for their commission but denied that the brokers were entitled to the $2,000.00, which was the amount in excess of the $20,000.00 for which his farm was sold. Some days after the sale of the land and after the full purchase price of $22,000.00 had been paid by the purchaser to Kreigle and the deed had been made and the whole transaction had been closed, the brokers approached Kreigle on the streets of Paris where he was engaged in business and asked him for a settlement of their commission. He said "all right," and handed his check book to one of the brokers, who passed it to the younger member of the firm to prepare the check. The check was prepared for $2,000.00 and the book and check returned to Kreigle for signature, who after seeing it, said, "That is too much," and in substance said, "I only owe you two per cent of $22,-000.00 which is $440.00." The brokers said, "You know you owe us $2,000.00 under an agreement made before the sale whereby you were to give us all in excess of $20,000.00 for which we could sell your farm." The parties were apparently in good faith disputing about the amount due by Kreigle to the brokers. This dispute ended, however, in Kreigle giving to the brokers a check for $2,000.00 as commission. Before he gave this check, however, one or more of the brokers said to Kreigle that Kreigle must pay the $2,000.00 to them or he would have to pay it to some one else, meaning a lawyer. Kreigle admits he understood from that conversation that the brokers intended to institute an action against him for the $2,000.00 and put him to the cost of the suit if he did not pay to them then the $2,000.00 claimed by them as due and that he gave them the check in settlement of the affair to avoid litigation.

In cases like this the general rule is that an agreement to forbear bringing proceedings at law or in equity to enforce a payment upon a claim is a sufficient consideration to support a compromise, and where two or more persons acting in good faith dispute about the amount of a claim and after talking the matter over a settlement is effected and payment actually made, the contract then being executed will not be disturbed by the courts. City of Louisville v. Anderson, &c., 79 Ky. 344; Brands v. City of Louisville, 111 Ky. 56; City of Louisville v. Becker, 139 Ky. 17. Compromises are always favored in both law and equity. Litigation is always burdensome to the parties and the foregoing rule is adopted to induce the parties to a prospective action to settle their case out of court. It is a general rule in courts everywhere to look favorably upon the arrangement made between the parties. Here the brokers declared on oath, and no one disputes it, that they in good faith believed that the contract they had with Kreigle entitled them to all of the sale price of the land above $20,000.00; while Mr. Kreigle, equally as honest and conscientious, asserts that the contract did not provide for the brokers to have all of the sale price in excess of $20,000.00, but that the brokers were only to receive two per cent upon the sale price, $22,000.00, which amounts to $440.00. This good faith controversy was at an end when they talked the matter over and settled it. See Compromise and Settlement, 5 R. C. L. 876, *et cetera;* 12 Corpus Juris, p. 354; Hughes v. Hughes, 162 Ky. 505; Hunt v. Duncan's Exor., 12 R. 45.

There is no hint of fraud or bad faith on the part of either of the parties, nor was the compromise unconscionable and it was free from mistake of law and fact.

It is also contended by appellee Kreigle that the check for $2,000.00 which he gave the brokers was obtained from him by duress accomplished by putting him in fear that he would be sued in the courts if he did not at once settle the claim. He says he asked for time in which to consider the matter, but he was told by the brokers in substance that they must have a settlement then, and if they did not get it they would place the claim in the hands of their attorney for suit. Duress for which one may have relief is never founded upon such acts or conduct. Kreigle had the right and it was his duty, if he did not owe the claim, to refuse to pay it and to submit the matter to the courts. This would have been a

perfectly honorable course to pursue, but instead of doing so he compromised the matter with his adversaries. Duress from which one may have relief is personal restraint or fear of personal injury or imprisonment. It does not extend to one's property or property rights but only to his person; if in this case the brokers had threatened to do him personal violence if he did not give them a check for $2,000.00 at that particular time, and Kreigle was put in fear and to avoid personal violence gave the check his case would have been made out. Kreigle could have had relief from the check by showing this or other similar facts. The court in its first instruction to the jury did not properly state the law applicable to the facts of this case. The controversy covered by instruction No. 1 was the same compromised and settled by the parties and it does not matter in this case what was said and done between the parties before the compromise for in that settlement everything was included, compromised and concluded. The evidence nowhere shows that the brokers had a purchaser for the Kreigle land at the time they approached Kreigle and asked him his price, but it does show that one of their clients had asked them to find another tract of land which could be bought at a reasonable price. They suggested the lands of Kreigle, but they did not know his price, neither did their client. At the time they obtained the price from Kreigle they had no agreement by which they could have compelled their client to take the land at any given price, but acting, as they say, according to their contract with Kreigle, they priced the land to their client at $22,000.00 and after showing him the land induced him to purchase it at that price, Kreigle saying at the time to them in private, as claimed by them, that he would stand by them and protect them in making the price at $22,000.00. Under the facts of this case the court should not have directed the jury to find for the plaintiff Kreigle if the brokers at the time they approached Kreigle had a purchaser who was ready and willing to pay more than the sum of $20,000.00 therefor. Nor should the court have said to the jury that the brokers were under the duty to disclose to Kreigle the fact that they had a contract with their client by which their client was to take his property at $22,-000.00.

For the foregoing reasons the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.