## Haunert, by, etc. v. Mr. and Mrs. Louis A. Speier.

(Decided March 26, 1926.)

## Appeal from Campbell Circuit Court.

1. Parent and Child.—Parent is not responsible for torts of child, simply because of relationship.

2. Pleading.—Pleading on demurrer must be construed most strongly against pleader.

3. Parent and Child—Complaint for Assault by Defendant's Child Held Not to Show Liability on Theory of Agency.—Complaint against parents for assault by their child, alleged to have been committed by coercion, authority, instruction, and example of parents, which allegations were explained merely by showing that parents knew of son's mean temper and former assaults, held not to state cause of action on theory of agency.

4. Parent and Child—Complaint Against Parents for Injuries Caused by Assault of Son Held Not to State Cause of Action Based on Negligence of Parents.—Complaint against parents for assault of their child, merely stating that child was under 21, and failing to show that he was insane, or not intelligent and entirely responsible for his own acts, or that parents had any knowledge of impending action, or did anything but permit him to run at large, knowing he had a mean temper, held not to state cause of action on ground of negligence of parents as proximate cause for injuries inflicted by son.

GEO. WELLER, JR., and R. H. FOSTER for appellant.

OSCAR H. FORESTER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

A demurrer having been sustained to the petition of the appellant, who was the plaintiff below, and he having declined to plead further, his action was dismissed and he brings this appeal.

Appellant through his next friend avers in his petition that he is under twenty-one years of age but does not say how much under twenty-one he is. He further avers that the appellees have a minor son, but likewise does not say how much under twenty-one years of age the minor son is. He further states that on March 14th, 1924, this minor son of the appellees assaulted him in the city of Dayton, Campbell county, Kentucky, and inflicted upon him very serious and painful injuries. He next says that this assault on him by this minor son "was done by the coercion, authority, instruction and example of Mr. and Mrs. Louis A. Speier, they having knowledge that their son, Louis Speier, did on numerous occasions strike, beat and throw rocks at different other boys and girls at the direction and with the approval and instruction of his parents, the said Mr. and Mrs. Louis A. Speier, and that they had full knowledge of their son's bad characteristics, ways, character and habits, and that he was dangerous to society." It is by reason of these averments in his petition that appellant seeks to fix upon the appellees the responsibility for the assault of their minor son upon him.

It is conceded that a parent is not responsible for the torts of his child simply because of the relationship of parent and child. Pauley's Guardian v. Draine, 6 S. W. 329; Holland v. Goode, 188 Ky. 525, 222 S. W. 950; 29 Cyc. 1665. An examination of the cases will disclose that, wherever the parent has been held responsible for the tort of his child, it has been either on the ground that the child, in committing the tort, has done so while acting as the agent or servant of his parent and the liability is put on principles of agency, or on the ground that the child is the conduit of the parents' negligence and the liability is put on the familiar principle of proximate cause. Cf. Stephens v. Stephens, 172 Ky. 780, 189 S. W. 1143. Measured by these rules, the petition of appellant was insufficient. It is familiar law that a pleading must be construed most strongly against the pleader. Appellant's allegation that the assault was committed by the coercion, authority, instruction and example of the appellees

is explained by him to mean that because appellees knew their son had on other occasions and under their direction assaulted other children and because they knew their son had a mean temper, they therefore must be held to have authorized this particular assault herein complained of. Such a charge does not establish the relationship of principal and agent so far as this particular assault is concerned. It is not unambiguously alleged that the parents authorized this assault on the plaintiff. It is not claimed that the assault was committed to further any interest of appellees or done by their son while performing some duty for them in the scope of any agency being carried out by him for them. It is clear liability cannot be fastened upon appellees on the ground of agency.

So far as the son being the conduit of the appellees' negligence is concerned, it is not claimed that this son was insane or that he was not an intelligent human being, entirely responsible for his own acts. For aught that appears from the petition, he may have been just short of twenty-one years of age and fully capable of exercising his own will and entirely conscious of the probable consequences of any act he might do. It is not stated that the parents had any knowledge of the probable or impending conflict between appellant and their son or that they did anything but permit him to run at large knowing he had a mean temper. But if appellees' son was an intelligent, responsible human being, possessed of sufficient discretion to appreciate the probable results of his own acts, the assault he is alleged to have committed is his assault and is not that of his parents. The proximate cause of the assault in such state of case is not any negligence on the part of a parent in permitting an irresponsible child to run at large under such circumstances as to constitute a menace to society, but is the independent act of a responsible human being, possessed of sufficient discretion to appreciate the probable consequences of the exercise of volition on his part and of the acts he does in consequence of such exercise of such volition. The parent is then not liable for any such act of his minor child. Stephens v. Stephens, *supra*.

Therefore, as appellant failed to state a cause of action on either ground of liability, the trial court properly sustained the demurrer to his petition, and its judgment is affirmed.