## Forsythe v. Rexroat.

(Decided November 12, 1929.)

(As Modified, on Denial of Rehearing, May 27, 1930.)

174

A. E. FUNK, JR., for appellant.

JAMES & JAMES for appellee.

Opinion of the Court by Commissioner Stanley—
Reversing.

The petition of the appellant, Mrs. Belle Forsythe, states that in May 1927, while she was walking on a sidewalk in the town of Lebanon Junction, the appellee's son, under 14 years of age, with gross negligence ran into her with a bicycle he was then riding, and severely and permanently injured her. On the same day, in consideration of the plaintiff not suing the defendant for damages thus sustained, he "entered into an agreement that he (the defendant) would pay all expenses incurred by plaintiff in the proper treatment of said injuries." Pursuant to that agreement, and at defendant's special request, as she averred, she employed doctors suggested by him, and incurred hospital and other expenses which were necessary, customary, reasonable, and just, in securing treatment for her injuries. Such expenses aggregated $705, which she had paid, of which sum the defendant had refunded her $135. It was further alleged that by reason of the agreement plaintiff refrained from filing any suit for damages against the defendant for those injuries, that more than one year had elapsed since they were sustained, that she had complied with all the provisions of the contract, and that by reason thereof the defendant was indebted to her in the sum of $570, for which sum she sued.

It appears the court first overruled the demurrer to the petition, and a trial was had, resulting in a verdict for the plaintiff. But a motion for a new trial was sustained, and thereafter the former order was revoked, the demurrer sustained. The plaintiff declined to plead further, and her petition was dismissed, and this appeal granted.

It is well-known law that forbearance to sue is a sufficient consideration to support a promise. But, as is equally well established the suit forborne must not be wholly and certainly groundless or unsustainable at law or in equity. Cline & Co. v. Templeton, 78 Ky. 550. This for the reason, as expressed in Sellers v. Jones, 164 Ky. 458, 175 S. W. 1002, that the promotion of such suit would be either fraudulent or wanting in good faith. It is not essential, however, that the validity or basis of the claim giving rise to such promise should be certain and sure. If it be doubtful, and asserted in good faith, that is suf-

ficient. Good faith or an honest belief in its soundness alone is not enough. Hardin's Adm'r v. Hardin, 201 Ky. 310, 256 S. W. 417, 419, 38 A. L. R. 756.

In interpreting this generic classification of the character of a claim which may become the consideration for a compromise, and on which the suit is forborne, it is pointed out in the Hardin case that "this court seems to have gone somewhat farther than any other by holding in several cases that to be a doubtful claim it must be one about which well-informed lawyers and judges may easily differ, and about which the parties themselves do differ." Reference is made in that opinion to Western & Southern Life Insurance Company v. Quinn, 130 Ky. 397, 113 S. W. 456, in which it was held that the compromise claim must be one about which reasonable men at the time may have entertained substantial doubt. Such rule was reiterated in Berry v. Berry, 183 Ky. 481, 209 S. W. 855, but with the additional declaration that it is immaterial that the parties settled the controversy other than the law would have done or that merit or the right ultimately proves to have been on the other side. Gray v. U. S. Savings & Loan Company, 116 Ky. 967, 77 S. W. 200, 25 Ky. Law Rep. 1120; 16 C. J. 346. It is not the adequacy of the consideration which controls in testing the validity of the compromise agreement, for legal sufficiency does not depend on comparative economic value. It is sufficient if there is something of detriment to one party or benefit to the other, however slight. Newton v. Carson, 80 Ky. 309; Posey v. Lambert-Grisham Hdw. Co., 197 Ky. 373, 247 S. W. 30; Dexter v. Duncan, 205 Ky. 344, 265 S. W. 832. The real consideration which each party receives under a compromise agreement, and that which gives it validity is the settlement of the dispute or controversy, and not the settlement of the claim. Robb v. Sherrill-Russell Lumber Company, 194 Ky. 835, 241 S. W. 64. And yet, as stated, the mere threat or fear of a lawsuit on a claim without foundation is no consideration for an agreement of compromise or promise to satisfy such groundless claim. Creutz v. Heil, 89 Ky. 429, 12 S. W. 926, 11 Ky. Law Rep. 652.

It is manifest that in this case the parties themselves in good faith believed there was a liability on the part of the father of the boy. The real question for adjudication, therefore, is whether the claim asserted by the plaintiff, as set up in the petition, was so lacking in merit that it

could be declared free of doubt on the part of reasonable men or of those versed in the law. Well-informed lawyers, of course, would have known that ordinarily a parent is not liable for the tort of his child. But they would likewise have known that that freedom from liability is not conclusive, for there are circumstances when a parent does become liable for the tort of his child, such, for instance, as where the child is acting as the agent of his parent, either by express designation or by implication, as in the family purpose doctrine, now often applied to the operation of an automobile, or where the child is the conduit through which the parent's negligence operated. 46 C. J. 1331; Haunert v. Speier, 214 Ky. 46, 281 S. W. 998.

In this instance, the parent did recognize some liability. He knew better than any one else whether the boy was on an errand for him, and whether the relation or circumstances were such as to make him (the father) liable for the resulting damages. Cf. Foreman v. Western Union Tel. Co., 228 Ky. 300, 14 S. W. (2d) 1079. So, in the absence of knowledge of the peculiar facts, well-informed lawyers and reasonable men could and doubtless would have been unable to say that there was no liability resting on the father. For aught that appears in this petition, the parent was not free from liability for the act of his son, and the plaintiff did give up her legal redress and surrendered a bona fide claim against him.

Each case must be measured by its own peculiar facts, for it is difficult to determine at just what point a claim in transformed from a baseless to a doubtful one. We may, however, note a few cases in which the general rule as stated above has been applied.

The principle was considered and a review is given of cases in which the right to attack the validity of wills, and analogous claims, were surrendered as a consideration for compromise agreements in Sellars v. Jones, supra, and Hardin's Adm'r v. Hardin, supra. In some of those cases in which compromise agreements were sustained the claims appear to have had less foundation than that which was asserted in the case at bar.

In Barr v. Gilmour, 204 Ky. 582, 265 S. W. 6, a suit against a dentist to recover on a contract of compromise and forbearance to sue for malpractice, the petition did not in terms allege that the defendant had been guilty of negligence or unskillfulness in performing a surgical

operation upon the plaintiff, but it only averred that she had charged the defendant with failure to exercise ordinary care. It was held that the petition was good, as it alleged with sufficient exactness that a claim was being asserted against the defendant on account of his failure to properly perform the operation and he denied it. It is not essential, therefore, that the claim which became the basis of the compromise should be set up in particular terms sufficient to withstand a demurrer.

In Reed v. Kansas Postal Telegraph & Cable Company, 125 Kan. 603, 264 P. 1065, 57 A. L. R. 275, it was sought to avoid a compromise entered into when a telegraph messenger was injured, on the ground that there was no liability, and hence no consideration for the compromise. But it was held that there could easily exist in the mind of the injured boy a reasonable doubt as to the question of liability, and hence his forbearance to sue furnished a sufficient consideration for a promise of settlement and compromise of such claim. The annotations to that case fully cover the subject of attempts to avoid a release or compromise of a claim for damages for personal injuries upon the ground of absence of a good consideration.

It is said in behalf of the appellee that his alleged promise to bear the expenses incurred by appellant, by reason of which she agreed not to sue him, was void under the statute of frauds. If, under no possible state of case, the father could have been held legally liable for the act of his son, or the claim was being made against the latter, the point might be well taken. But we have no such case. It must not be overlooked that the claim, according to the petition, was being asserted against the promisor on account of his own liability, and not for the default of liability of his son. This point was the subject of consideration in Miller v. Davis, 168 Ky. 661, 182 S. W. 839, which is thus summarized in the syllabus:

"A promise by a purchaser of an interest in a partnership to pay a creditor of the firm, if he would refrain from suing the firm and attaching its property, was an original undertaking made by him to serve his own purposes and bring about results which he desired, and not an oral promise to pay the debt of another within the statute of frauds, though

performance of his promise would incidentally have the effect of extinguishing the firm's debt."

According to the allegations of the petition, it appears that, rather than risk litigation, the appellee chose to make the contract with the appellant to pay the expenses which she might incur by reason of the accident. It was deliberately and intelligently made, according to the petition, and, if sustained by proof, the promisor ought not to be permitted to escape his obligation. Ripy Bros. Distilling Company v. Lillard, 149 Ky. 726, 149 S. W. 1009. It has been said that courts delight to enforce compromise agreements. It is the duty of courts to encourage rather than discourage parties in resorting to a compromise as a mode of adjusting conflicting claims, and the nature or extent of the rights of each party should not be nicely scrutinized. So far as it can be done legally and properly, the courts should support such agreements having for their object an amicable settlement of doubtful rights. Litigation is always burdensome, and the courts everywhere look favorably upon the settlement of cases out of court. Titus v. Rochester-German Ins. Co., 97 Ky. 567, 31 S. W. 127, 17 Ky. Law Rep. 385, 28 L. R. A. 478, 53 Am. St. Rep. 426; Harris, Speaks & Harris v. Kreigle, 197 Ky. 50, 245 S. W. 866; Posey v. Lambert-Grisham Hdw. Company, supra.

Apart from the consideration we have been discussing, the defendant, as an original undertaking, according to the legal admission in the petition, directed the plaintiff to incur the expenses sought to be recovered. When she did so it became an executed contract so far as she was concerned and one from which he cannot escape. Thus it is said in 13 C. J. 364: "If one incurs a legal liability at the request of another, such liability is a sufficient consideration to support a promise of the person at whose request it is incurred. Likewise if one pays money at another's request such act will afford a consideration." Upon this principle the plaintiff was entitled to recover, even though the argument respecting the absence of any legal liability on defendant's part for the tort of his son, and consequent failure of alleging a consideration for the compromise, should be sustained.

It seems to us that the petition stated a cause of action, and that the trial court erred in sustaining a demurrer to it.

After a verdict had been returned in favor of the plaintiff, as was stated in the early part of this opinion, the defendant moved for a judgment notwithstanding the verdict. This motion was overruled, and the defendant now insists that that was error, and the court should have sustained that motion. The petition alleged that there was a consideration for the contract and stated what it was. All this was denied in the first paragraph of the answer. But in the second paragraph of the answer the defendant affirmatively pleaded the want of any consideration, and it was the failure on the part of the plaintiff to traverse this allegation that became the basis of the motion for a judgment notwithstanding the verdict. The appellee is here insisting that the judgment should be affirmed, on the ground that the court should not have overruled that motion, even though the demurrer to the petition was improperly sustained.

The case was tried and submitted to the jury on the issue involved. That issue was raised by the first paragraph of the petition and its traverse. One denial ought to be sufficient. Robinson v. Tester, 176 Ky. 460, 195 S. W. 792. It is said in Hill v. Ragland, 114 Ky. 209, 70 S. W. 634, 637, Ky. Law Rep. 1053:

"Where the parties have attempted to join an issue to be tried, and which has been tried, however defective in form the pleadings may be, a verdict for the one or the other will be held to cure such defective pleading; that is, will cure them as to their form, supplying all omitted necessary averments concerning essential facts relied on, provided the proof or admission of such facts were necessarily considered before the verdict could have been rendered. Then, if such facts, when considered as if properly pleaded as to form, do not entitle the party obtaining the verdict to that relief in law, the judgment will be for his adversary."

The judgment is reversed and remanded for consistent proceedings.