## Baker et al v. Vanderpool.

Feb. 15, 1944.

Shumate & Shumate for appellant.

John W. Walker for appellee.

Opinion of the Court by Chief Justice Fulton—Reversing in part and affirming in part.

In December 1939 the appellee leased a seventy five acre tract of land to the appellant, D. N. Baker, for oil and gas, retaining a one-eighth royalty. Baker transferred a one-half interest in the lease to the appellant, Norah Martin. The lease provided that if the lessor owned less than the entire fee simple the royalty paid the lessor should be in the proportion which his interest bore to the entire fee. It was later learned that the Noland heirs were the owners of one-half of the oil and gas. The appellants thereupon procured an oil and gas lease from the Noland heirs.

Prior to the execution of the lease to the appellants, the oil and gas had been operated by others, who had left machinery and materials on the leased property. The appellants purchased these materials from the prior lease holders for $250 but were informed that they would have to settle with the appellee, who claimed to be the owner because of alleged abandonment of the lease and materials. The appellants paid the appellee $100 in connection with the materials, claiming an outright purchase, while appellee claims that he merely rented the materials to the appellants during the term of the lease. On June 10, 1940, when the $100 was paid, the appellee executed a writing, in which the materials were listed, by which he agreed, "This is the material let on the D. N. Baker lease June 10th 1940 in being understood by all parties that he shall have the right to pull out and use same as long as his lease is in force." Baker testified that the appellee agreed to execute a bill of sale later. On October 6, 1940, the appellee delivered to appellants this writing: "This is to certify that I the undersigned will not interfere in any way of the moving of the equipment off of my land or operating same on my land which is now leased to D. N. Baker or his assigned so long as the D. N. Baker lease is in effect."

Sometime after the execution of the latter writing the appellants were preparing to move an engine off

the leased premises to repair it. The appellee refused to permit them to do so, notifying them that it would take a law suit to move it. This action was then filed by the appellants to enjoin the appellee from interfering. Title to the machinery and materials was put in issue and, without objection, the amount of royalty to which appellee was entitled was also put in issue. It was adjudged that the appellee was entitled to royalty of one-eighth, that appellants were the owners of the machinery and materials and the appellee was enjoined from interfering with appellants in the use thereof. The appellants appeal from so much of the judgment as adjudged the appellee entitled to royalty of one-eighth. The appellee cross appeals from so much of the judgment as adjudged the appellants to be the owners of the machinery and materials and enjoined him from interfering with the appellants in the use thereof.

The appellee pleaded that while he was entitled under the lease to royalty of only one-sixteenth, he was entitled to full royalty of one-eighth by reason of a compromise agreement with the appellants, evidenced by letters written to him by them and by certain transfer orders executed by them to the pipe line company, reciting that they had sold a one-sixteenth royalty interest to the appellee and directing the company to deduct this interest equally from the shares of the appellants. These transfer orders were subject to revocation by the appellants.

In separate letters written by the appellants to the appellee they agreed to permit him to be paid the full one-eighth royalty, rather than the one-sixteenth to which he was entitled under the lease. The appellants testified, however, that the appellee was continuously making trouble for them and that they adopted this course only in an effort to appease him and keep him quiet. They pleaded, and now contend, that there was no consideration for the promises contained in the letters agreeing for the appellee to have the extra one-sixteenth royalty. The appellee insists, however, that the agreement for him to have the full royalty was a compromise of an existing controversy between him and the appellants and was valid and binding.

In Forsythe v. Rexroat, 234 Ky. 173, 27 S. W. (2d) 695, 697, will be found a review of the authorities and an extended discussion as to the nature and character of

an asserted claim sufficient to support a compromise agreement. Clearly emerging from that opinion is the rule that mere good faith and honest belief in an asserted claim is not sufficient to support a compromise. In addition to good faith and honest belief there must be an element of doubt as to the validity of the claim—"the compromise claim must be one about which reasonable men at the time may have entertained substantial doubt." Mere forbearance to sue is not sufficient to sustain the compromise if the claim asserted is wholly groundless. Measured by these rules, it is apparent that the appellee neither had, nor was asserting, a claim sufficient to support the agreement to allow him the additional one-sixteenth royalty. His claim thereto was wholly groundless. The lease clearly provided that he was entitled only to one-sixteenth royalty in the event he owned only one half of the oil and gas, which turned out to be the case. There was no room for difference in the minds of reasonable men as to the royalty to which the appellee was entitled—any claim asserted by him to more than one-sixteenth royalty was wholly groundless. We think it is apparent that the appellants merely acquiesced in the appellee's demand for the full royalty in an attempt to buy their peace and keep him from interfering with the lease operations. This attempt succeeded only partially and when he later interfered with the lease operation the appellants refused to continue permitting him to receive the full royalty and filed this action. The transfer order issued to the pipe line company did not strengthen the appellee's position. It was issued at the direction of the appellants and was a mere direction of payment to the company, revocable at the pleasure of the appellants. It is our conclusion that the judgment was erroneous to the extent that it adjudged the appellee entitled to more than one-sixteenth royalty.

It is suggested by the appellee that the appeal should be dismissed because the record fails to show that the amount in controversy is sufficient to give this court jurisdiction. The argument is that an oil royalty is personal property and that it is not shown by the record that the value of the royalty is sufficient to give this court jurisdiction. The argument is without merit since it is the rule in this jurisdiction that a royalty is an incorporeal hereditament issuing out of the land, an interest in land. McIntire's Adm'r v. Bond, 227 Ky.

607, 13 S. W. (2d) 772, 64 A. L. R. 630. This being true, this court has jurisdiction of the appeal, regardless of the value of the interest.

The judgment correctly enjoined the appellee from interfering with the operation of the lease, since he agreed by the writings executed by him to permit the use of the machinery and materials on the lease by the appellants as long as the lease was in force, and the evidence established without contradiction that he was attempting to prevent the removal of the engine for purposes of repair. Under the writings appellants had the right of removal for this purpose and the appellee had no right to interfere with the removal.

But the judgment was erroneous to the extent that it adjudged the appellants to be the outright owners of the machinery and materials. The appellee was claiming to be the owner thereof and, while the appellants purchased the rights of the former lease holders therein, they recognized the claim of the appellee and acquiesced therein by accepting from him the writings above quoted, which conferred on the appellants only the right to use the machinery and materials as long as the lease was in force. While appellant Baker testified that he understood that he was making an outright purchase, the writings evidencing the transaction conferred only a usage right and no reformation of the writings was sought. The appellants were bound by these writings, which vested in them only a usage right, and not title. In this particular, therefore, the judgment must be reversed on the cross appeal.

The judgment is reversed on the appeal and it is affirmed in part and reversed in part on the cross appeal as herein indicated, with directions to enter a judgment in conformity with this opinion.