## Moore et al. v. Sutton.

October 14, 1949.

Delbert Eagle and Cecil Sanders for appellants.

C. E. Rankin and G. C. Walker for appellee.

CLAY, COMMISSIONER—Affirming.

This appeal is from a judgment on a directed verdict for appellee. The controversy has been here before on the sufficiency of appellee's petition, and we held a

demurrer thereto should have been overruled. Sutton v. Moore et al., 309 Ky. 229, 217 S. W. 2d 321. The pertinent facts are stated in that opinion, and need not be repeated here.

On return of the case, the parties went to trial on the issues presented by the petition. The only question was whether or not appellee, the guardian of his infant daughter, in good faith compromised a doubtful claim as consideration for appellants' written agreement to share the proceeds of a life insurance policy.

The evidence shows appellee originally signed a "Claimant's Certificate" giving notice to the Union Central Life Insurance Company of the insured's death and making application for payment of the proceeds. The insurance company thereafter notified appellants by letter that they alone were entitled to payment, and it would be necessary for appellee to withdraw his claim. This letter was shown to appellee, who expressed the opinion that the insured did not intend to treat his ward in that manner, and said he would have to see further about the matter. He had not read the insurance policy and was unable to find a lawyer with whom to consult.

Shortly thereafter appellants and appellee met at the home of a minister who was assisting the parties in obtaining the insurance. At that time appellee signed a statement withdrawing his claim, and appellants executed the instrument wherein they pledged that appellee's ward would share alike with them in the insurance proceeds.

Appellants testified they signed this agreement for the purpose of settling the matter according to the rights of the parties under the provisions of the insurance policy, and they were only willing for appellee's ward to share in the proceeds if such was her legal right. Apparently appellee's claim could not have been successfully prosecuted.

As pointed out in the opinion on the original appeal, Sutton v. Moore et al., 309 Ky. 229, 217 S. W. 2d 321, the law encourages the compromise of controversies. It is not necessary that a claimant have such a certain right that he will be able to obtain a judgment in a judicial proceeding. It is sufficient as consideration for a com-

promise if the claim is doubtful and is asserted in good faith. See Forsythe v. Rexroat, 234 Ky. 173, 27 S. W. 2d 695.

The evidence in the present case establishes that appellee thought his ward had been wrongfully denied a right to share in the insurance; he acted in good faith in asserting his claim; and appellants executed the compromise agreement for the purpose of inducing him to withdraw it so that they could immediately obtain the proceeds. The proof supports the allegations of the petition, which we held constituted a good cause of action, and the compromise agreement is binding upon appellants. The trial Court properly directed a verdict for appellee.

For the reasons stated, the judgment is affirmed.