**Elizabeth COOKE, Appellant,**

**v.**

**The LOUISVILLE TRUST COMPANY, Appellee.**

Court of Appeals of Kentucky.

June 26, 1964.

**256**

Thomas C. Carroll, Louisville, for appellant.

Charles A. Robertson, John T. Ballantine, Ogden, Brown, Robertson & Marshall, Louisville, for appellee.

WADDILL, Commissioner.

Elizabeth Cooke filed this action seeking cancellation of a note and mortgage she executed and delivered to the appellee, Louisville Trust Company. The trial court refused to grant the relief sought and entered judgment accordingly. Mrs. Cooke has appealed.

The validity of the note and mortgage is challenged on the ground that they were executed without consideration. A proper evaluation of this contention requires a review of the pertinent facts.

For several years prior to 1960, appellant's husband, Thurston Cooke, had been transacting business with appellee in behalf of several corporations he owned and operated in Jefferson County. During March, 1960, Cooke conferred with Ira Porter, an officer of the appellee, about obtaining a loan of $346,800 for the Louisville Equipment Rental Company (hereinafter called Rental Company. Cooke told Porter that he owned the stock of the Rental Company and that this company had entered into a contract with the Department of Highways of Kentucky to lease thirty-four trucks for two years at monthly rental of $14,450. On March 18, 1960, appellee loaned the Rental Company $346,800, repayable in twenty-four monthly installments of $14,450, the first payment due April 20, 1960. The loan was secured by a chattel mortgage on the above-mentioned trucks and by the assignment of the contract the Rental Company had entered into with the Department of Highways of Kentucky. Cooke personally guaranteed the payment of the note.

On April 19, 1960, the lease contract between the Department of Highways and the Rental Company was cancelled pursuant to the order of the Governor of Kentucky. When Porter was informed of this development he told Cooke that appellee would require Cooke to repay this loan. Cooke said he could not do so at that time but offered to give appellee a mortgage on property that he and his wife jointly owned and occupied as their home. Porter accepted this offer and on April 20, 1960, Cooke and his wife signed a note for $70,000 and executed a mortgage on their home. It is this note and mortgage that are the subject of the instant action.

■ The note executed by the Rental Company contained the provision that appellee would have the right to require

additional security should the market value of the existing collateral decline, and on the failure to furnish such security, the obligation, at the election of appellee, would become due and payable. Thus, upon the cancellation of the lease contract the appellee had the right to demand additional collateral even though the Rental Company was not in default on the payment of its note.

■ The court determined that the forbearance of the appellee to demand payment of the Rental Company's note which Cooke had guaranteed was sufficient consideration to support the note and mortgage in question. The conclusion reached by the trial court is correct for it is well-settled that forbearance to sue is a valid consideration to support a promise. Hall v. Fuller, Ky., 352 S.W.2d 559; Forsythe v. Rexroat, 234 Ky. 173, 27 S.W.2d 695; In Re Ciabattari, D.C., 29 F. Supp. 573.

Appellant further contends that she could not execute a valid note and mortgage to secure the debt of the Rental Company. KRS 404.010(2), as amended in 1954, has removed all former disability of a married woman to act as surety for her husband. The trial court properly held that, since Mrs. Cooke had the legal capacity to contract as surety, it was not essential to the validity of her contract that the consideration should move to her, but that it could consist entirely of a benefit to her husband.

In this connection, appellant urges that KRS 404.010(2) refers only to the "separate estate" of a married woman and points out that the interest she owned in the property which she mortgaged was that of a tenant by the entirety with the right of survivorship and, therefore, she could not act as surety with relation to this property. Under the provisions of KRS 404.010(2), as amended, a married woman is not required to set aside her separate estate if either (1) the obligation is that of her husband or (2) the obligation is that of some other person and her husband joins with her in the transaction. The trial court rejected this

contention, and properly so, holding that appellant could be liable since her husband joined with her in the mortgage transaction.

■ Appellant finally contends that since appellee has not proceeded against the Rental Company, it is "barred from asserting its alleged rights to this real estate." This issue was not raised by a pleading in the circuit court. However, we observe, as did the trial court, that this contention constitutes no basis for cancelling these instruments in this action.

We conclude that the trial court correctly refused to grant appellant the relief she sought.

The judgment is affirmed.