## Miller v. Chandler, By et al.

(Decided February 22, 1916.)

### Appeal from Ballard Circuit Court.

Explosives—Negligence—Failure to Exercise Ordinary Care.—A party storing dynamite and dynamite caps in a place that he knows is accessible to and used by children, does not exercise ordinary care, and is guilty of actionable negligence.

A. M. NICHOLS, JOHN K. HENDRICKS and ED REASOR for appellant.

EATON & BOYD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This case was here on appeal once before and in the opinion, which may be found in 163 Ky., 301, is a statement of the facts developed in the first trial of the case, which are practically the same as those shown by the evidence on the second trial, except that on the second trial evidence was introduced by appellee for the purpose of showing that at the time appellant stored the dynamite and caps in the loft of the tool house, he knew that appellee and some other children were in the habit of playing around and in the tool house. This evidence for appellee, which was not introduced at the first trial, in substance, is as follows:

By the father of appellee, that appellee "played around there frequently every day in and about the loft, and went up to get eggs his hens would lay up there;" that appellant at least upon one occasion before the accident saw appellee in the loft, and told him not to bother some tobacco sprays that were stored therein; that appellant said in his presence just after the accident that he was sorry, but that he told appellant not to bother the dynamite when he put it up there; that the door of the building was down and the opening in the floor of the loft was there for some time before the accident occurred, through which appellant knew appellee could get into the loft where the dynamite and caps were stored.

By appellee, that he frequently played in the building, and went into the loft to get eggs, and that appellant had seen him there in the loft on several occasions, and

upon one occasion when he was in the loft had warned him not to bother the tobacco sprays stored therein.

By the mother of appellee, that he was in the habit of going to the loft after eggs, and that appellant had often been there upon such occasions and seen appellee in the loft.

By Mrs. Lucile Ragland, that she had frequently seen appellee and other children playing around the tool house and under it, and that she had often seen appellant there when appellee was playing about the building.

By Perry Bosley, that he had seen appellant at the tool house upon several occasions when appellee was about the building; that upon one occasion before the day of the accident he heard appellant warn appellee against bothering the tobacco sprays in the loft; that the building and the loft were open.

By appellant, that when he stored the dynamite and caps in this loft he warned appellee against bothering same, telling him that they were dangerous and might kill him.

In the former opinion in this case this court said:

"In this case the appellant took the precaution not only to tie up both the sacks, but to put them out of sight of the children, *in a place which he not only knew to be unfrequented, but which he knew could only be reached after some way had been furnished or devised to climb to it.*"

And in support of that opinion referred to the case of Ball v. Middlesborough T. & L. Co., 24 Ky. L. R., 114, as follows:

"The case of Ball, by etc. v. Middlesborough T. & L. Co., 24 Rep., 114, was where an infant six years of age climbed into an unoccupied building through a window, and finding a dynamite cap therein, the same was in some way exploded, whereby he was injured. *The evidence was that the owner did not know that children frequented the place,* and did not know the dynamite caps were there, and it was held that a peremptory instruction was properly given. The court in that case, in referring to the rule laid down in Thompson on Negligence, said:

" 'The rule adopted by this learned author is that where the owner of the premises creates or brings thereon any dangerous thing, which, from its nature, has a tendency to attract the childish instincts of children

to play with it, he is bound, as a matter of social duty, to take such reasonable precautions as the circumstances admit of to protect them from injury while playing with it, or in its vicinity.' This rule was adopted by this court in Bransom's Admr. v. Labrot, 81 Ky., 638; but it cannot apply to this case for the reason that the Lands Company did not place the dynamite in the house, or even know it was there, and the house being locked, and the only way to enter it being through a missing slat six feet from the ground, there seems to be no proof of negligence on its part. The ground of liability in this class of cases is that the defendant failed to exercise such care as might reasonably be expected of a person of ordinary prudence under the circumstances. The appellee, under the proof, exercised ordinary care."

We have underscored portions of the above quotations, from which it will be seen that this court in its former opinion in this case as well as in the Ball v. Middlesborough case, *supra,* and the case of Mayfield Water & Light Co. v. Webb's Admr., 129 Ky., 395, based its opinion upon the question of "ordinary care," and it was held in each of these cases that the defendant, not knowing the place was accessible to or frequented by children, had exercised ordinary care, and therefore was not liable.

The question presented to us upon this appeal is whether or not appellant exercised ordinary care in storing the dynamite and caps in the loft of this building, when the testimony tends to show that he had actual knowledge at the time that appellee was able to get into this loft, and, in fact, frequently did so. That he knew that appellee could get to the place where he was storing the dynamite, and probably would do so, is indicated by the evidence set out above and rendered almost certain by the fact that he himself testifies that when he so stored the dynamite and caps, he warned appellee against bothering them, and told him that they were dangerous and might kill him.

Appellee at the time was only eight years of age, and the fact that appellant warned him of the danger cannot relieve him of liability. If relieved of the liability, it must be because he used ordinary care to put these explosives out of the reach of appellee and other children, and not from any warning given.

In the case of Ball v. Middlesborough T. & L. Co., *supra,* the court after having relieved the defendant of liability because it did not know the place was frequented by children or that the dynamite was there, said:

"If it (appellee) had stored a quantity of dynamite in the house with the knowledge that boys were using it as a hiding place, and without closing the hole at which it knew they entered, a different question would be presented."

That different question is squarely presented to us here, free of any question of proximate cause or of the boy being a trespasser. Appellant stored these caps and dynamite in a place that the evidence at least tends to show that he knew was accessible to and used by appellee. The authorities are abundant and harmonious that where one stores dangerous explosives in a place upon his premises, which he knows is accessible to and frequented by children, he does not exercise the ordinary care and reasonable precautions he is bound as a social duty to exercise to prevent accidents to children playing with or in the vicinity of such explosives. Bransom's Admr. v. Labrot, 81 Ky., 638; Lyttle's Admr. v. Harlan Town Coal Co., 167 Ky., 345; Powers v. Harlow, 51 Am. Rep., 154, 14 L. R. A. (N. S.), 589; Hobbs v. Blanchard & Sons Co., 75 N. H., 73; Juntti v. Oliver Iron Min. Co., 42 L. R. A. (N. S.), 840, and note; Molin v. Wisconsin L. & L. Co., 48 L. R. A. (N. S.), 877, and note; 19 Cyc., 5.

That the court erred in refusing the peremptory instruction is the only objection presented by counsel for appellant in brief, and being of the opinion said refusal was not error, it results that the judgment should be and is affirmed.