## Sutton Construction Company v. Lemaster's Administrator.

(Decided February 24, 1928.)

### Appeal from Martin Circuit Court.

1. Explosives.—One using or storing explosives must use such care as is commensurate with nature of substance and dangers incident to handling or use thereof.

2. Explosives.—Where place of storage or use of explosives is readily accessible to children of tender years, such care as might reasonably be expected of person of ordinary prudence under circumstances must be exercised not to expose children to injury.

3. Explosives.—In action against defendant, constructing highway, for death of 9 year old boy, resulting from burns while playing with powder left exposed near highway by defendant, where evidence showed that children used highway at point where powder was stored to knowledge of defendant, defendant should have anticipated dangers incident to leaving powder exposed and owed children duty to remove powder or safeguard it in reasonable way.

4. Explosives.—In action against defendant, constructing highway, for death of 9 year old boy resulting from burns while playing with powder found near highway, directed verdict for defendant was properly denied, where evidence showed that defendant left powder exposed and unguarded at place where it knew children, including deceased, used highway, and should have reasonably have anticipated that children would discover it.

5. Negligence.—Children between ages of 7 and 14 are presumed incapable of contributory negligence, but presumption may be rebutted by counter testimony.

6. Explosives.—In action against defendant, constructing highway, for death of 9 year old boy, resulting from burns while playing with powder left exposed near highway by defendant, in absence of evidence showing 9 year old boy realized dangers attendant on playing with powder, boy was not guilty of contributory negligence as matter of law.

7. Explosives.—In action against defendant, constructing highway, for death of 9 year old boy resulting from burns while playing with powder left exposed near highway by defendant, act of 9 year old companion of decedent in informing decedent and other children of location of powder was not an intervening independent cause destroying causal connection between defendant's wrongful act and consequences thereof, but was such an act as reasonably should have been anticipated.

8. Explosives.—In action against defendant constructing highway, for death of 9 year old boy resulting from burns received while playing with powder left exposed near highway by defendant, in absence of responsible intervening cause, act of defendant's employees in leaving powder on highway was proximate cause of injury.

9. Explosives.—In action against defendant, constructing highway, for death of 9 year old boy resulting from burns received while playing with powder left exposed near highway by defendant, warning by father and defendant's employees did not relieve defendant from liability for negligence in leaving powder on highway.

10. Appeal and Error.—Where ground of motion for continuance was not set out in grounds for new trial so that error in denying continuance was not brought to attention of trial court, but was complained of for first time on appeal, Court of Appeals cannot consider such ground.

BROWNING & REED, PRICHARD, MALIN & SMITH, H. O. WILLIAMS, J. B. ADAMSON, W. R. McCOY and J. B. CLARK for appellant.

ERNEST N. FULTON, WILL H. FULTON, ISSAC RICE and FRED A. VAUGHAN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Sutton Construction Company, was engaged in the construction of a public highway in Martin county, Ky., during the year 1926. The highway under construction passed within 150 feet of appellee's home and was being constructed on a new location, the right of way of the road that had been used theretofore also being

near appellee's home, which was located at a point approximately equidistant from the two roads. Appellant used powder for blasting purposes in its work of constructing the road, and on Sunday, March 14, 1926, appellee's son and intestate, Jason Lemaster, a boy 9 years of age, and seven companions ranging in age from 7 to 11 years, discovered five cans of blasting powder, which, according to the evidence for the appellee, had been stored by appellant, after discontinuing work on the preceding day, near the ditch line on the side of the road a few hundred feet from appellee's residence. The boys had congregated at the Lemaster home to play, and one of them, Earl Butcher, who was 9 years of age, had observed the powder stored alongside the road, and he communicated this fact to the other boys. They went to the place where the powder was stored, opened one of the cans, and took therefrom a quantity of powder, which they placed in their pockets. They then went to a nearby place, referred to in the evidence as the "coal bank," where a fire was burning, and proceeded to take the powder from their pockets and throw it on the fire to see it flash up when it came in contact with the live coals. While thus engaged the blaze ran from the fire to the powder in decedent's pocket, ignited it, and set fire to his clothing, and he was burned so severely that he died within a few days. The road under construction had not been opened for traffic at the time this accident occurred, but there is considerable testimony tending to show that it was being used by the residents of that community, both adults and children, with the knowledge and consent of the appellant. Several witnesses testified that they saw the cans of powder both before and after the accident and that they were in plain view of any one passing along the road.

This action was instituted by appellee in the Martin circuit court to recover for the death of his son, Jason Lemaster, upon the theory that appellant was negligent in leaving the powder at the place where it was found by decedent. The trial resulted in a verdict for appellee in the sum of $7,000 and appellant seeks a reversal of the judgment upon the following grounds: (1) The evidence fails to disclose any negligence upon the part of appellant, and its motion for a peremptory instruction should have been sustained; (2) decedent was guilty of contributory negligence as a matter of law; (3) the court erred

in failing to instruct the jury that before they could find for the plaintiff they must believe the negligence of defendant to have been the proximate cause of the injury; and (4) the court erred in overruling the motion of defendant for a continuance on account of absent witnesses.

The law is well settled in this state that one using or storing explosives must use such care as is commensurate with the nature of the substance and the dangers incident to the handling or use thereof, and where the place of storage or use is readily accessible to children of tender years, such care as might reasonably be expected of a person of ordinary prudence under the circumstances must be exercised not to expose them to injury. Miller v. Chandler, 168 Ky. 606, 182 S. W. 833; Stephens v. Stephens, 172 Ky. 780, 189 S. W. 1143; Eastern Carbon Black Co. v. Stephens' Adm'r, 216 Ky. 85, 287 S. W. 215; Sparks v. Maeschal, 217 Ky. 235, 289 S. W. 308. In Powers v. Harlow, 53 Mich. 515, 19 N. W. 260 (51 Am. Rep. 154), in an opinion by Chief Justice Cooley, it was said:

> "Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution toward them must calculate upon this and take precautions accordingly. If they leave exposed to the observation of children anything which would be tempting to them, and which they in their immature judgment might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken."

The evidence for the appellee tended to show that children, including decedent, with the knowledge of appellant, used the highway at the point where the powder was stored, and under these circumstances the appellant should have anticipated the dangers incident to leaving the cans of powder exposed on the highway, and it owed the decedent and other children the duty to remove the powder or safeguard it in a reasonable way. The facts in this case are entirely different from those in Eastern Carbon Black Co. v. Stephens' Adm'r, supra, relied on by appellant. There the powder was stored by the owner in a building on its premises and on a shelf 7 feet from the floor. The can containing the powder was not visible until one entered the room in the building in which it was stored. It was held that the owner in the exercise of

reasonable care was not required to anticipate that a child would discover the powder where it was stored; would devise a means of climbing to its storage place; would remove and uncap the container and carry away a portion of the powder. In the instant case the appellant left the explosive exposed and unguarded at a place where it should have been reasonably anticipated that children would discover it. The trial court therefore did not err in overruling appellant's motion for a directed verdict.

The decedent was 9 years of age, and there is no evidence in this record which in any wise indicates that he realized the dangers attendant upon playing with the powder. Children between the ages of 7 and 14 years are presumed incapable of contributory negligence, but this presumption may be rebutted by counter testimony. In L. & N. Railroad Co. v. Hutton, 220 Ky. 277, 295 S. W. 175, the following excerpt from Jones' Commentaries on Evidence, vol. 1, sec. 99a, was quoted with approval:

"This prima facie presumption continues in its (the infant's) favor till it reaches another age, usually fourteen, after which the presumption changes, and the burden is then on the infant to show want of capacity or understanding. The question as to whether a child's capacity is such that it may be chargeable with contributory negligence is a question of fact for the jury, unless so young and immature as to require the court to judicially know that it could not contribute to its own injury or be responsible for its acts, or so old and mature that the court must know that, though an infant, yet it is responsible. Where the infant is under fourteen years of age, the burden rests upon the defendant to rebut the legal presumption of incapability of contributory negligence."

Under this rule, when applied to the facts in this case, the decedent was not guilty of contributory negligence as a matter of law.

The contention that the court should have specifically instructed the jury that they must believe the negligence of defendant to have been the proximate cause of the injury before they could find for the plaintiff rests upon the proposition that there was an intervening, independent cause, to wit, the act of decedent's companion,

Earl Butcher, in informing decedent and the other children present of the location of the powder. Earl Butcher was 9 years of age, and there was no evidence tending to show that he had an appreciating sense of the dangerous nature of the explosive. What we have said relative to the presumption of decedent's nonaccountability for his conduct because of his age applies equally to the act of Earl Butcher. His act was not such an intervening, independent one as to destroy the causal connection between appellant's wrongful act and the consequences that followed, but was such an act as reasonably should have been anticipated. Stephens v. Stephens, supra. There being no responsible intervening cause, the act of appellant's employees in leaving the powder on the highway under construction was the proximate cause of the injury. The question as to whether the negligence of appellant was the proximate cause of the injury was in substance submitted to the jury in the first instruction, which set out all the facts necessary to constitute liability. The instruction was substantially similar to the one directed to be given in Sparks v. Maeschal, supra. Some stress is placed on evidence tending to show that decedent had been warned by his father and the employees of appellant and knew of the danger of handling powder. In Miller v. Chandler, supra, in answer to a contention that the defendant was relieved of liability because the injured child had been warned of the danger, we said:

"Appellee at the time was only 8 years of age, and the fact that appellant warned him of the danger cannot relieve him of liability. If relieved of the liability, it must be because he used ordinary care to put these explosives out of the reach of appellee and other children, and not from any warning given."

Also, see U. S. Natural Gas Co. v. Hicks, 134 Ky. 12, 119 S. W. 166, 23 L. R. A. (N. S.) 249, 135 Am. St. Rep. 407.

Appellant finally insists that the judgment should be reversed because the trial court erred in overruling its motion for a continuance on account of absent witnesses. This ground was not set out in the grounds for a new trial upon which the motion for a new trial was based, and hence the alleged error was not brought to the attention of the trial court and is complained of for the first time in this court. Under the rule consistently followed

by this court, we are precluded from considering this ground. McLain v. Dibble, 13 Bush, 297; American Credit-Indemnity Co. v. National Clothing Co. (Ky.) 122 S. W. 840; Ray v. Shemwell, 174 Ky. 54, 191 S. W. 662, Ann. Cas. 1918C, 1122; Kirby's Adm'r v. Berea College, 196 Ky. 353, 244 S. W. 775; A. Downs & Bro. v. Firemen's Insurance Co., 206 Ky. 316, 267 S. W. 153.

Judgment affirmed.