### GRAFF, a minor, etc v OWENS

Ohio Appeals, 3rd Dist, Marion Co

No 787.   Decided Aug 4, 1933

Deeds & Cole, Toledo, George T. Geran, Marion, for plaintiff in error.

Mouser, Young, Mouser & Wiant, Marion, for defendant in error.

## OPINION

By KLINGER, J.

In support of the demurrer, counsel for defendants contends:

a. Negligence of the defendant was not the proximate cause of plaintiff's injury.

b. Cause of the explosion is not set forth in the second amended petition.

c. The two boys from whom the explosives were secured by the plaintiff, were trespassers and stole the explosives and carried them away off of defendant's premises, and more than a month thereafter gave some of the stolen explosives to plaintiff.

d. These youthful trespassers are the intervening responsible cause or agent between the plaintiff and defendant.

The plaintiff contends, on the contrary, that:

a. The defendant violated §§5903-1 to 5903-7 GC, inclusive.

b. That the defendant was the first wrongdoer in failing to exercise proper care to safeguard the general public against harm or injury from the explosives, and that he should have foreseen the danger to the public.

c. Whether the first wrongdoer should have foreseen that acts of third persons intervening and contributing condition necessary to injurious effect of original negligence, is a matter that should be submitted to the jury.

In support of their contention, counsel for plaintiff cites Adams v Young, 44 Oh St 80; Community Traction Company v Freeman, 116 Oh St 448; Jurruss v Toledo, Fostoria & Findlay Electric Ry. Co., 124 Oh St 251.

There is much authority that it is negligence if a dangerous instrumentality is maintained on a person's property, not properly safeguarded, and the owner of the premises is charged with the duty of "not wantonly injuring trespassers."

In examining the authorities in this case, we find that much authority can be found on either side of the controversy.

Stated briefly, two boys whose names are not disclosed, were trespassers upon the lands of the defendant, and while trespassing they stole a quantity of explosive caps; about a month thereafter they gave to the plaintiff in this action, a portion of the stolen cartridges and plaintiff placed them in his pockets. The petition does not disclose where the plaintiff was when these cartridges were given to him, or where he was when they exploded or what caused the explosion.

If any liability arises under the circumstances as pleaded in this action, it is because of the statutory provisions made concerning the storage of explosives, and the statutory requirements as to safeguarding the public.

The statutory enactments for this purpose are found in §§5903 to 5903-25, GC, inclusive.

Sec 5903 GC provides these statutory requirements shall not be applicable as to explosives in quantities not exceeding five pounds at any one time.

Sec 5903-9 GC provides how blasting caps or other detonating or fulminating caps may be kept and stored, and there is nothing in the pleadings in this case to show that any violation of the statute in this regard occurred.

It therefore follows that no statutory liability was pleaded by plaintiff, and, as stated before, there was no common law liability pleaded.

Under these circumstances, we do not believe that any of the authorities, in Ohio particularly, go so far as to hold the defendant responsible. On the other hand, we believe that the following list of authorities support the ruling of the Court of Common Pleas, having regard to the distinction as to the facts in the cases cited, and the case at bar.

8 N.P. (N.S.) 95, reversed, 82 Oh St 462.
47 Oh St, 387.
77 Oh St, 235.
91 Oh St, 232.
83 Oh St, 254.
102 Oh St, 176.
116 Oh St, 448.
13 Oh Ap, 13.
22 Oh Ap, 98.
23 Oh Ap, 456.
107 Oh St, 104.
64 Oh St, 183.
29 Oh St, 364.
122 Oh St, 302-560.
36 Oh Ap, 395.
120 Oh St, 599.
57 Oh St 330.

## CONCURRING OPINION

By GUERNSEY, J.

In the second amended petition in this case to which the demurrer was sustained in the lower court, facts are alleged in addition to the facts mentioned in the statement of facts herein, to the effect that the stone quarry premises of the defendant were used by large numbers of persons daily in the vicinity thereof, including children,

as a place of recreation and that said premises were so used on the 30th day of May, 1930, and for a long time prior thereto, daily, openly, and notoriously with the acquiescence and knowledge of the defendant, all of which the defendant knew or in the exercise of ordinary care should have known. It is not alleged in the petition that the two boys, of about the age of the plaintiff (nineteen years), who obtained said dynamite caps from the premises of the defendant and handed some of them to the plaintiff, did not know and had not means of knowing at the time, the nature thereof and that the same would explode and cause injuries.

It is not alleged in the petition that the quantity of dynamite caps on the defendant's premises amounted to five pounds, and consequently the keeping of the caps on the premises did not come within the purview of the Ohio statutes regulating the storage of explosives, as the statutes expressly provide that quantities of less than five pounds are not subject to the statutory regulation, and hence the liability, if any, of the defendant must be based on the common law.

On states of fact similar to the state of facts set forth in the petition herein, recovery has been denied by the courts of other states on the following assigned grounds:

1. That the result was not to be anticipated, it was remote. Horan v Watertown (Mass.) 104 NE 465.

2. That the negligence of the plaintiff was not a proximate cause of the injury. Perry v Rochester Lime Company, 219 N. Y. 60, 113 NE 529.

3. That the boy who had obtained the caps from the premises of the defendant and given them to the plaintiff being fourteen years of age was sui juris, and his act in giving the caps to the plaintiff was the direct or proximate cause of the injury complained of for which he would be liable in damages to the plaintiff. Battorf v South Construction Co., 110 NE, 977.

4. It not being alleged in the petition that the boy being about fourteen years of age who had obtained the dynamite caps and delivered them to the plaintiff was not possessed of sufficient discretion as to appreciate the danger of handling dynamite caps, it will not be presumed because of his age alone his acts in giving the caps to plaintiff was not an intervening cause between the alleged negligent acts of the defendant and plaintiff's injury. Stephens v Stephens, 172 Ky. 780, 189 SW 1143.

It will be noted that while the courts in the above cases assigned different reasons for their conclusions, they all arrive at the conclusion that there was no liability on the part of the defendant.

Several of the cases mentioned above, are analyzed in Green on Rationale of Proximate Cause, and applying the test suggested in that work to the facts of the instant case, it appears that the interest sought to be protected by plaintiff is his bodily security; the hazard which he seeks to protect it against is personal injuries caused by explosion of dynamite caps in his possession, the property of defendant, and which were, prior to the explosion, on defendant's premises for a necessary use in the conduct of defendant's business on said premises, and negligently kept by defendant on said premises, and which were obtained from the premises of defendant by sui juris licensees without the act, knowledge or consent of defendant and delivered to plaintiff who is also sui juris, plaintiff not being a licensee or invitee of defendant, and the explosion not occurring on defendant's premises.

The rule invoked by plaintiff, and for the violation of which he bases his claim for recovery, is " that the law requires of those who use dangerous agencies in the prosecution of their business, to observe the greatest care in the custody and use of them." 45 Oh St, 11; 47 Oh St, 387; 13 Oh Ap, 13.

The protection of the rule invoked by plaintiff has been held in a number of Ohio cases, including the cases above cited, to apply to persons, including invitees and licensees, lawfully on the premises of persons having custody of such dangerous agencies for lawful purposes, but there is no reported case in Ohio where the dangerous substances having been removed from the premises and the explosion occurring away from the premises, such protection has been extended to persons other than persons who, while lawfully on said premises, obtained such dangerous agencies without knowledge of the dangerous character thereof, and in the opinion of the court in the case of **Stark County Agricultural Society et v Brenner, by his next friend, 32 Ohio Law Reporter, 120,** which was reversed on other grounds by the Supreme Court in **120 Oh St, at page 560** it is stated:

"The proximate cause of the injury was the leaving of the bomb in a place upon their ground where persons, and especially small boys, might procure the same and be

64

injured. If some other third party had first found the bomb and removed it from the ground, so that a separate and distinct intervening agency had occurred, and then the boys had found or procured it, that would present a different chain of proximate cause, and in such ·case the agricultural society would not be liable."

which indicates that the policy of the courts of this state is not to extend the rule.

In the instant case, the defendant kept the dynamite caps which were necessary to the conduct of his lawful business on his own premises and his keeping of said explosives in the manner he kept them was not prohibited by statute and did not of itself constitute a nuisance. In the absence of statutory enactment to that effect, it cannot be said that it is the policy of the law to hold the owner of explosives who keeps them on his own premises for use in the prosecution of a lawful business, liable for all damages that may be caused, directly or indirectly, by his failure to exercise proper care in the custody and use thereof.

The correct rule is that the protection of the law which requires of those who use dangerous agencies in the prosecution of their business, to observe the greatest care in the custody and use of them, does not extend to persons who do not themselves obtain such agencies while lawfully on the premises of the person having custody thereof, without knowledge of the dangerous character thereof, where such dangerous agencies are removed from said premises without the act knowledge or consent of the custodian, and the explosion of such dangerous agencies occurs away from said premises. Consequently, the petition in this case does not .state a cause of action.

For the reasons mentioned, we concur in the affirmance of the judgment of the lower court in sustaining the demurrer to the petition.

CROW, PJ, concurs in the judgment, being of opinion that the demurrer·was correctly sustained for the reason that no relation existed between defendant and plaintiff, out of which arose a duty of defendant to exercise care toward plaintiff, and plaintiff was a stranger to the transaction involving the claimed wrongfulness of defendant, which transaction did not violate any statute creating liability.