## Fain v. Standard Oil Co. of Kentucky, Inc.

Nov. 6, 1940.

R. Monroe Fields, Judge.

G. R. Blackburn and E. J. Picklesimer for appellant.

Charles G. Middleton and Harman, Francis & Hobson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is an appeal from a judgment on a directed verdict rendered in favor of the appellee, defendant below. A peremptory instruction was given in favor of the appellee at the conclusion of the evidence offered by the appellant, plaintiff below. The case involves the "attractive nuisance" doctrine.

During the month of August, 1936, the Standard Oil Company was engaged in installing a gas tank on property under the control of the Eastern Coal Corporation on Blackberry Fork of Pond Creek in Pike County. The tank was being installed on a vacant lot across a public road from a commissary of the Coal Corporation. This lot was used as a parking lot and children played on it from time to time. At the time the Fain boy was injured the digging of a hole in which the gas tank was to be placed had been partially completed. This hole seems to have been some six to ten feet from the surfaced part of the public road. It was around four feet wide, six to eight feet long and some three or four feet deep. The dirt from the hole had been piled around its edge. Fain and some other boys had been playing ball across the road behind the commissary building. They stopped their game about the middle of the afternoon and went across the road to where the excavating was being done to see what was going on. The men who had been digging were in the shade resting. When the boys reached the hole, one of the party bantered Fain to jump across it and dared him to do so. The boy who testified that he did the bantering said that Fain replied, ''Darers go first,'' and that he did so. When Fain jumped, he did not clear the hole but fell into it. He complained of his leg hurting when he got out of the hole. Later it was necessary that his leg be operated upon, and there is testimony that his injury will be permanent.

It is the contention of the appellant that the hole was an ''attractive nuisance'' and any contributory negligence on his part was a question for the jury. The appellee contends that a hole in the ground, such as the one under consideration, does not come within the definition of an ''attractive nuisance,'' and that ''an owner is not answerable under the attractive nuisance doctrine unless there is some positive and unexpected motion of dangerous machinery, or some sudden flare, explosion or burning of, or by, a dangerous substance.''

Counsel for the Fain boy stress the nearness of the excavation to the public road. We fail to see, however, where this enters into the case. There is no showing that any part of the hole was in the paved or traveled part of the road, and the boy did not fall into the hole as he was passing along the road. He and his compan-

ions left the place across the road where they had been playing and came over to the place where the excavating was being done to see what was going on. There is no question of the caving in of earth, or the walls of the hole. Nor do we find a showing of anything unusual about this particular hole in the ground. There had been other excavation work going on in the community. We fail to see how this particular hole could have been more attractive than any other hole in the ground of like dimensions.

Counsel for the appellant cite several cases involving the "attractive nuisance" doctrine, including the cases of Gnau v. Ackerman, 166 Ky. 258, 179 S. W. 217; Bransom's Adm'r v. Labrot, 81 Ky. 638, 5 Ky. Law Rep. 827, 50 Am. Rep. 193; Louisville Ry. Co. v. Esselman, 93 S. W. 50, 29 Ky. Law Rep. 333; and Sutton Construction Company v. Lemaster's Adm'r, 223 Ky. 296, 3 S. W. (2d) 613. An examination of these cases, however, reveals facts and circumstances materially different from those in the case before us. There was some particular attractiveness and hidden danger about the thing causing the injury in each of them, and not an ordinary and commonplace thing such as a hole in the ground. Furthermore, an examination of those cases will show that there was usually some unexpected development or happening that brought about the injury, as the falling of lumber negligently piled.

In the recent case of Puckett v. City of Louisville, 273 Ky. 349, 116 S. W. (2d) 627, 628, an eleven year old child was injured by falling earth when the side of a hole about four feet deep caved in. She and other children had been undermining one of the walls of the hole. The opinion in the Puckett case quotes with approval a part of the text of 20 R. C. L. 86. The part of the text quoted is:

"Like waters, pits and excavations on land embody no dangers that are not readily apparent to everyone, even very young children. For this reason the proprietor is under no obligation, as a rule, to fence or otherwise guard such places, and he will not be liable for injuries to children who may have fallen therein. Nor is the landowner liable for injuries sustained by earth falling into excavations as a result of the embankment being undermined by chil-

dren. Where, however, excavations are made in the highway, guards or barriers must be erected to protect passers from injury."

While it is true that the children in the Puckett case traveled some 200 yards to get to the place where the child was injured, we have pointed out heretofore that we are not of the opinion that the proximity of the excavation to the public road in the case before us alters the situation, since there was nothing particularly enticing or attractive about the hole into which the Fain boy fell.

It follows from what has been said that we are of the opinion that the judgment should be and it is affirmed.